**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Look Ahead Am. v. Stark Cty. Bd. of Elections*, Slip Opinion No. 2024-Ohio-2691.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2691

LOOK AHEAD AMERICA ET AL., APPELLANTS, *v.* STARK COUNTY BOARD OF ELECTIONS ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Look Ahead Am. v. Stark Cty. Bd. of Elections*, Slip Opinion No. 2024-Ohio-2691.]**

*Statutory interpretation—R.C. 121.22(G)(2)—Open meetings—Public bodies—Executive session—Premature-disclosure clause within R.C. 121.22(G)(2) following list of permissible reasons for a public body to enter executive session applies to entire list—Court of appeals' judgment reversed and cause remanded to trial court for new trial.*

(No. 2023-1059—Submitted April 24, 2024—Decided July 18, 2024.)

APPEAL from the Court of Appeals for Stark County,

No. 2022-CA-00152, 2023-Ohio-2494.

_____

KENNEDY, C.J., authored the opinion of the court, which FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., joined.

**KENNEDY, C.J.**

**{¶ 1}** In this discretionary appeal from a judgment of the Fifth District Court of Appeals, we decide whether the clause in R.C. 121.22(G)(2) that states, "[I]f premature disclosure of information would give an unfair competitive or bargaining advantage to a person whose personal, private interest is adverse to the general public interest" (hereafter, the "premature-disclosure clause"), applies to all the permissible reasons listed for a public body to enter executive session that are specified immediately prior to the premature-disclosure clause and are separated from it by a comma.

**{¶ 2}** Appellees, the Stark County Board of Elections and its members (collectively, "the board"), considered and voted on whether to purchase Dominion Voting Systems voting equipment, ultimately deciding to purchase the equipment. The decision to purchase the Dominion equipment and subsequent discussions about and affirmations of that decision occurred during four meetings of the board, after the board entered executive session—from which members of the public are excluded—to discuss the purchase of the equipment as property for public purposes under R.C. 121.22(G)(2). Appellants, Look Ahead America and Merry Lynne Rini (collectively, "Look Ahead"), filed a complaint in the Stark County Court of Common Pleas seeking a determination that the board violated Ohio's Open Meetings Act, R.C. 121.22, by doing so.

**{¶ 3}** The trial court upheld the board's decisions to enter executive session to discuss the voting equipment, determining that the premature-disclosure clause in R.C. 121.22(G)(2) applied to only the last-listed permissible reason for a public body to enter executive session. The Fifth District agreed. We disagree.

**{¶ 4}** Based on the plain language of R.C. 121.22(G)(2), we hold that the premature-disclosure clause following the list of permissible reasons for a public body to enter executive session applies to the entire list of permissible reasons for

2

entering executive session. The Fifth District's judgment is reversed, and the cause is remanded to the trial court for a new trial applying this interpretation.

## I. Facts and Procedural History

{¶ 5} In 2018, the board began looking for new voting equipment to recommend for purchase by Stark County for use in its elections.

{¶ 6} During the board's December 9, 2020 meeting, the board entered executive session. Following that executive session, the board resumed the public meeting and voted to purchase the Dominion equipment in accord with its staff's recommendation. The board then transmitted that decision to the Stark County Board of Commissioners (hereafter, "the commissioners") so that the commissioners could purchase the equipment.

{¶ 7} For the same stated purpose for entering executive session as the December meeting, the board entered executive session on January 6, February 9, and March 15, 2021. Following each of the executive sessions, the board resumed the public meeting and reaffirmed its decision to purchase the Dominion voting equipment.

{¶ 8} The commissioners disagreed with the board's decision, and that disagreement resulted in litigation. *See State ex rel. Stark Cty. Bd. of Elections v. Stark Cty. Bd. of Commrs.*, 2021-Ohio-1783, ¶ 5. This court settled that issue in *Stark Cty. Bd. of Elections* by granting a writ of mandamus compelling the commissioners to acquire the new voting equipment. *Id.* at ¶ 7, 18.

{¶ 9} On May 18, 2021, Look Ahead filed a complaint seeking a determination that Ohio's Open Meetings Act was violated by the board during the four meetings at which it entered executive session to discuss the purchase of voting equipment. Among other things, Look Ahead claimed that the board had failed to comply with R.C. 121.22(G)(2) by not limiting its executive-session discussions to matters for which the "'premature disclosure of information would give an unfair

competitive or bargaining advantage to a person whose personal, private interest is adverse to the general public interest,' " R.C. 121.22(G)(2).

{¶ 10} During discovery, the board filed a motion for a protective order pursuant to Civ.R. 26(C), which the trial court granted. The court interpreted R.C. 121.22(G)(2) in its entry granting the protective order, citing the interpretive rule of the last antecedent. The court's interpretation of the provision limited application of the premature-disclosure clause to situations in which a public body is considering "the sale or other disposition of unneeded, obsolete, or unfit-for-use property in accordance with [R.C. 505.10]," R.C. 121.22(G)(2), as opposed to situations in which a public body is considering "the purchase of property for public purposes" or "the sale of property at competitive bidding," *id.*

{¶ 11} On the day of the final pretrial hearing, the board filed a motion in limine asking the trial court to issue an order restricting the testimony and evidence that could be admitted at trial to the scope established by the court in its protective order. The court granted the motion and issued a pretrial order reiterating its interpretation of R.C. 121.22(G)(2). And during trial, the court limited Look Ahead's inquiry and presentation of evidence in accordance with the pretrial order.

{¶ 12} Following Look Ahead's case-in-chief, the trial court dismissed the case pursuant to Civ.R. 41(B)(2), applying its interpretation of R.C. 121.22(G)(2). The trial court concluded that the board had "entered into the four executive sessions for a permissible and valid purpose (the purchase of property for public purposes), and that each of the executive sessions was consistent with that purpose and related specifically to the topic that was announced in the motion which authorized the executive session."

{¶ 13} On appeal, the Fifth District affirmed the trial court's judgment, stating, "[T]he ordinary meaning [of R.C. 121.22(G)(2)] is clear: a public body can enter executive session to discuss the purchase of property without additional qualification." 2023-Ohio-2494, ¶ 22 (5th Dist.). Without further explanation, the

4

court of appeals discussed how its interpretation of R.C. 121.22(G)(2) would work in practice, asserting that the discussion buttressed its conclusion. *Id.* at ¶ 22-25. Lastly, without determining whether R.C. 121.22(G)(2) is ambiguous, the court of appeals assessed the provision's legislative history. *Id.* at ¶ 26. Based on this analysis, the court of appeals upheld the trial court's interpretation of R.C. 121.22(G)(2). *Id.* at ¶ 27.

{¶ 14} We accepted Look Ahead's discretionary appeal on the following proposition of law:

Under R.C. 121.22(G)(2), members of a public body may meet in an executive session to consider "the purchase of property for a public purpose" but, then, only to consider information the premature disclosure of which would give an unfair competitive or bargaining advantage to a person whose personal, private interest is adverse to the general public interest.

*See* 2023-Ohio-3952.

## II. Law and Analysis

### A. Standard of Review

{¶ 15} The issue before this court involves the interpretation of R.C. 121.22(G)(2)—a question of law—which we review de novo, *Stewart v. Vivian*, 2017-Ohio-7526, ¶ 23.

### B. R.C. 121.22(G)(2)

{¶ 16} In 1975, the General Assembly passed Am.Sub.S.B. No. 74, 136 Ohio Laws, Part I, 152, amending R.C. 121.22, which became known as Ohio's Open Meetings Act (hereafter, "the Act"). The Act provides, "All meetings of any public body are declared to be public meetings open to the public at all times." R.C. 121.22(C). However, the Act also provides a public body permission to

engage in private discussion in executive session for enumerated reasons. *See* R.C. 121.22(G). The board is a public body as defined under R.C. 121.22(B)(1) and is therefore subject to the Act. At issue here is the board's use of R.C. 121.22(G)(2) to enter executive session to discuss the purchase of Dominion voting equipment.

**{¶ 17}** R.C. 121.22(G)(2) permits a public body to enter executive session for the following reasons:

> To consider *the purchase of property for public purposes*, the sale of property at competitive bidding, or the sale or other disposition of unneeded, obsolete, or unfit-for-use property in accordance with [R.C. 505.10], *if premature disclosure of information would give an unfair competitive or bargaining advantage to a person whose personal, private interest is adverse to the general public interest*.

(Emphasis added.) The Fifth District concluded that under the plain meaning of R.C. 121.22(G)(2), the premature-disclosure clause did not apply to the purchase-of-property reason for entering executive session, affirming the trial court's interpretation of the statute. 2023-Ohio-2494 at ¶ 21-28 (5th Dist.). We now consider whether this interpretation was correct.

### C. Statutory Construction

**{¶ 18}** To resolve the issue before this court, we return to a familiar place: statutory interpretation. As we have explained, "[w]hen the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said," *Jones v. Action Coupling & Equip., Inc.*, 2003-Ohio-1099, ¶ 12, and apply it as written, *Summerville v. Forest Park*, 2010-Ohio-6280, ¶ 18. "In determining whether a statute is ambiguous, we

objectively and thoroughly examine the statute, consider each provision in context, and apply ordinary rules of grammar." *Ohio Neighborhood Fin., Inc. v. Scott*, 2014-Ohio-2440, ¶ 25.

### D. *The Premature-Disclosure Clause Applies to All the Permissible Reasons for Entering Executive Session Listed in R.C. 121.22(G)(2)*

{¶ 19} The Fifth District found that R.C. 121.22(G)(2) has a plain meaning. 2023-Ohio-2494 at ¶ 21-28.  And while we agree that the provision has a plain meaning, we come to a different conclusion regarding the meaning.  We apply the ordinary rules of grammar—specifically, the rules of punctuation—to determine the plain meaning of R.C. 121.22(G)(2).  In doing so, we conclude that the premature-disclosure clause applies to all the permissible reasons listed in the provision for entering executive session.

{¶ 20} First, we consider "the grammatical 'rule of the last antecedent,' according to which a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003).  Applying the rule here, as the trial court did in its entry granting a protective order, would lead to the conclusion that the premature-disclosure clause applies to only the last-listed permissible reason under R.C. 121.22(G)(2) for entering executive session and does not apply to the first-listed permissible reason for entering executive session under the provision, which concerns the purchase of property.

{¶ 21} However, "[a]s several leading treatises explain, '"[a] qualifying phrase separated from antecedents by a comma is evidence that the qualifier is supposed to apply to all the antecedents instead of only to the immediately preceding one."' " *Facebook, Inc. v. Duguid*, 592 U.S. 395, 403-404 (2021), quoting W. Eskridge, *Interpreting Law: A Primer on How to Read Statutes and the Constitution* 67-68 (2016), quoting 2A N. Singer & S. Singer, *Sutherland Statutes and Statutory Construction*, § 47.33, at 499-500 (7th Ed.Rev. 2014).  This rule of

punctuation provides an exception to the rule of the last antecedent and should be considered when determining the plain meaning of text.  *See* Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* 161-162 (2012).

**{¶ 22}** This court and the United States Supreme Court have stated that the rules of punctuation are not controlling in determining the meaning of text and are a fallible standard that should be used only as a last resort.  *See, e.g.*, *Weiss v. Porterfield*, 27 Ohio St.2d 117, 120 (1971); *Slingluff v. Weaver*, 66 Ohio St. 621, 628-629 (1902); *Hamilton v. The Steamboat R.B. Hamilton*, 16 Ohio St. 428, 432-433 (1866); *Costanzo v. Tillinghast*, 287 U.S. 341, 344 (1932); *Barrett v. Van Pelt*, 268 U.S. 85, 91 (1925), citing *Chicago, Milwaukee & St. Paul Ry. Co. v. Voelker*, 129 F. 522, 527 (8th Cir. 1904); *Lessee of Ewing v. Burnet*, 36 U.S. 41, 54 (1837). However, in 1972, the General Assembly enacted R.C. 1.42, Am.H.B. No. 607, 134 Ohio Laws, 2108, which directs courts to determine the meaning of words and phrases in statutes by considering context and the rules of grammar.  Therefore, we look to the rules of grammar, which include the rules of punctuation, to determine the plain meaning of R.C. 121.22(G)(2).  *See, e.g.*, *State ex rel. Steele v. Morrissey*, 2004-Ohio-4960, ¶ 21 (courts interpret statutory language by "reading words and phrases in context and construing them according to the rules of grammar and common usage"); *accord State ex rel. Rose v. Lorain Cty. Bd. of Elections*, 90 Ohio St.3d 229, 231 (2000); *State ex rel. Antonucci v. Youngstown City School Dist. Bd. of Edn.*, 87 Ohio St.3d 564, 565 (2000).

**{¶ 23}** Reading R.C. 121.22(G)(2), we note that a comma separates the list of permissible reasons for a public body to enter executive session and the premature-disclosure clause.  And because the rules of grammar determine the plain meaning of the text, we conclude that the rules of punctuation are dispositive. Therefore, the premature-disclosure clause applies to the entire list of permissible reasons for entering executive session.

8

### III. Conclusion

{¶ 24} R.C. 121.22(G)(2) prescribes permissible reasons for a public body to enter executive session, which are followed by a comma and the premature-disclosure clause. We conclude that the premature-disclosure clause applies to all the permissible reasons listed under R.C. 121.22(G)(2) for entering executive session. For the foregoing reasons, the Fifth District Court of Appeals' judgment affirming the trial court's dismissal of Look Ahead's complaint is reversed, and the cause is remanded to the trial court for a new trial applying this interpretation.

Judgment reversed
and cause remanded.

_____

The Law Firm of Curt C. Hartman and Curt C. Hartman; and Finney Law Firm, L.L.C., and Christopher P. Finney, for appellants.

Kyle L. Stone, Stark County Prosecuting Attorney, and Lisa A. Nemes, Deborah A. Dawson, and John Lysenko, Assistant Prosecuting Attorneys, for appellees.

Brian M. Ames, pro se, urging reversal for amicus curiae Brian M. Ames.

Faruki, P.L.L., John C. Greiner, and Darren W. Ford, urging reversal for amici curiae Gatehouse Media Ohio Holdings II, Inc., d.b.a. The Columbus Dispatch, The Cincinnati Enquirer, a Division of Gannett GP Media, Inc., and Copley Ohio Newspapers, Inc., d.b.a. Akron Beacon Journal.

_____