[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McCarley v. Dept. of Rehab. & Corr.,* Slip Opinion No. 2024-Ohio-2747.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2747

THE STATE EX REL. MCCARLEY, APPELLANT, *v.* DEPARTMENT OF

REHABILITATION AND CORRECTION, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets,

it may be cited as *State ex rel. McCarley v. Dept. of Rehab. & Corr.,*

Slip Opinion No. 2024-Ohio-2747.]

*Mandamus—Court of appeals did not err by relying on documents attached to appellant's complaint when granting appellee's motion for judgment on the pleadings—Because appellant failed to show that Rules Infraction Board's guilty finding imposed an atypical and significant hardship on him, mandamus was not proper—Court of appeals' judgment affirmed.*

(No. 2023-1271—Submitted May 7, 2024—Decided July 23, 2024.)

APPEAL from the Court of Appeals for Franklin County,

No. 22AP-111, 2023-Ohio-3175.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

**{¶ 1}** Appellant, Willard McCarley, is an inmate at the Marion Correctional Institution ("MCI"). McCarley appeals the Tenth District Court of Appeals' judgment denying his request for a writ of mandamus to compel appellee, Ohio Department of Rehabilitation and Correction ("DRC"), to vacate a decision of MCI's Rules Infraction Board (the "RIB") that found him guilty of violating an inmate rule of conduct. Because McCarley cannot demonstrate that he is entitled to extraordinary relief in mandamus, we affirm the Tenth District's judgment.

## I. BACKGROUND

**{¶ 2}** According to the allegations in McCarley's mandamus complaint, he submitted an Inmate Confidential Statement form to an MCI institutional investigator in November 2021, alleging that he had been sexually assaulted by a prison doctor during an exam. The investigator's office subsequently issued a conduct report accusing McCarley of violating Rule 27, an inmate rule of conduct. *See* former Adm.Code 5120-9-06(C)(27) ("Giving false information or lying to departmental employees.").[1] The conduct report states that McCarley "provided a written statement to the Investigator's Office which contained a false PREA[2] Allegation against a medical staff member at MCI. His PREA allegation was investigated and determined to [be] unfounded."

**{¶ 3}** On November 15, 2021, an administrative hearing was held, and the RIB found McCarley guilty of violating former Rule 27 by providing a written statement to an institutional investigator that contained a false allegation against an MCI staff member. Consequently, McCarley was allegedly placed in "discipline control" for a period of 14 days. He unsuccessfully appealed the guilty finding,

---

1. Effective August 7, 2023, former Adm.Code 5120-9-06(C)(27) was renumbered Adm.Code 5120-9-06(C)(34), and it now provides that an inmate commits a rule violation by "[g]iving false information or lying to a staff member or non-incarcerated person."

2. "PREA" is an apparent reference to the Prison Rape Elimination Act, 34 U.S.C. 30301 et seq.

first to the MCI warden and then to DRC's chief legal counsel, on the basis that no supporting evidence was introduced at the hearing. The warden affirmed the RIB's decision, stating that "an unfounded finding of a PREA investigation is sufficient information to find/support a violation of Rule 27." DRC's chief legal counsel also affirmed the RIB's guilty finding and advised that "[t]o the extent Mr. McCarley feels that his PREA claim was not fully addressed or investigated, . . . [t]he RIB appeals process is not a proper method to continue such a claim."

{¶ 4} McCarley filed this original action in the Tenth District, requesting a writ of mandamus to compel DRC to vacate the RIB's decision finding him guilty of violating former Rule 27. In his complaint, McCarley claims (1) that he has a clear legal right to "due process and a not-guilty finding when no evidence was proffered that he lied on his inmate statement," (2) that DRC has a clear legal duty to find him not guilty under Adm.Code 5120-9-06 "when no evidence existed [to prove that he] lied on his inmate statement warranting a Rule 27 conduct violation," and (3) that no adequate remedy at law exists to challenge the guilty finding. McCarley attached multiple exhibits to his complaint.

{¶ 5} DRC answered the complaint and then moved for judgment on the pleadings under Civ.R. 12(C) "for two independent reasons": (1) McCarley failed to comply with the mandatory filing requirements of R.C. 2969.25(A)[3] and (2) he failed to state a cognizable claim for relief in mandamus. McCarley opposed DRC's motion for judgment on the pleadings. He additionally filed a document captioned "Relator's Submition [sic] of Evidence," which included, among other items, many of the same exhibits that were attached to his complaint.

{¶ 6} The Tenth District referred the matter to a magistrate, who found no merit to DRC's argument that McCarley failed to comply with the filing

---

3. R.C. 2969.25(A) generally requires that when an inmate commences in a court of appeals or court of common pleas a civil action or appeal against a government entity or employee, the inmate must file an affidavit listing all civil actions the inmate has filed in the previous five years.

requirements of R.C. 2969.25(A), because McCarley had filed an appropriate affidavit. The magistrate nonetheless recommended that the court grant DRC's motion for judgment on the pleadings and deny the writ, because McCarley could not demonstrate that he had a clear legal right to a not-guilty finding or that DRC had a clear legal duty to provide additional due-process protections. McCarley filed objections to the magistrate's decision. The court of appeals sustained McCarley's objection that the magistrate had failed to analyze whether he was entitled to a writ based on his allegation that there was insufficient evidence to support the RIB's guilty finding, and it remanded the case to the magistrate to make that finding. The Tenth District adopted the rest of the magistrate's decision.

{¶ 7} On remand, the magistrate again recommended that the court grant DRC's motion for judgment on the pleadings and deny the writ. The magistrate concluded that absent a finding that a constitutionally protected liberty interest was implicated, McCarley could not establish that DRC was under a clear legal duty to vacate the guilty finding based on a claim of insufficient evidence or that he had a clear legal right to the requested relief. The court of appeals overruled McCarley's objections and adopted the magistrate's decision, granted DRC's motion for judgment on the pleadings, and denied McCarley's request for a writ of mandamus.

{¶ 8} McCarley appealed that decision as of right.

## II. ANALYSIS

### A. Alternative Arguments

{¶ 9} In his first and second propositions of law, McCarley maintains that the Tenth District's failure to address in its final decision DRC's argument that McCarley failed to comply with R.C. 2969.25(A) resulted in either a nonfinal order or reversible error. These contentions have no merit.

{¶ 10} The Tenth District was not required to address each alternative argument DRC presented in its motion for judgment on the pleadings. *See, e.g.*, *State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 205 (4th Dist. 1992) ("A trial

court is not required to consider any legal theory, or argument, beyond that which will adequately dispose of the case at hand."). Nevertheless, the magistrate did address McCarley's R.C. 2969.25(A) argument in his first decision, concluding that McCarley had complied with the statute by filing the required affidavit, and the court of appeals adopted that decision as its own. Moreover, the fact that the Tenth District addressed in its final decision only one of the independent grounds raised in DRC's motion—that McCarley had failed to state a cognizable claim for relief in mandamus—did not divest the court's decision of finality. *See* R.C. 2505.02(B)(1) (an order is a final order if the effect of the order "determines the action and prevents a judgment").

## B. Judgment on the Pleadings

{¶ 11} In a civil action originating in a court of appeals, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Civ.R. 12(C). Judgment on the pleadings is appropriate when no material factual issues exist and the movant is entitled to judgment as a matter of law. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). Because a Civ.R. 12(C) motion presents only questions of law, *State ex rel. Leneghan v. Husted*, 2018-Ohio-3361, ¶ 16, we review de novo a court of appeals' decision to grant judgment on the pleadings, *Reister v. Gardner*, 2020-Ohio-5484, ¶ 17.

### 1. Procedural Argument

{¶ 12} Under his third proposition of law, McCarley maintains that the Tenth District erred by granting judgment on the pleadings because it relied on evidence "outside the four corners of the pleadings," i.e., his submission of evidence. DRC responds that McCarley invited any error in the court of appeals' reliance on matters outside the pleadings because he submitted the evidence in question. *See Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co., Lincoln-Mercury*

*Div.*, 28 Ohio St.3d 20 (1986), paragraph one of the syllabus ("A party will not be permitted to take advantage of an error which he himself invited or induced.").

**{¶ 13}** It is axiomatic that a court's determination of a Civ.R. 12(C) motion for judgment on the pleadings must be restricted solely to the allegations in the pleadings. *See Peterson v. Teodosio*, 34 Ohio St.2d 161, 166 (1973). As defined in the Rules of Civil Procedure, the "pleadings" consist of complaints, answers, and replies thereto. Civ.R. 7(A). A "written instrument" attached to a pleading also qualifies as part of the pleadings for all purposes, Civ.R. 10(C), but not every document attached to a pleading constitutes a Civ.R. 10(C) written instrument. *See Husted* at ¶ 17 (the term "'written instrument' has primarily been interpreted to include documents that evidence the parties' rights and obligations"). It is well established, however, that when a plaintiff attaches exhibits to the complaint and alleges that the attached exhibits establish the claim, the plaintiff invites the court to consider them as part of the complaint. *See Pontious* at 569, fn. 1 ("Incorporated material may be considered as part of the complaint."), citing *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 109 (1995).

**{¶ 14}** McCarley's submission of evidence, which was filed after the pleadings closed, was not a proper basis on which to grant judgment on the pleadings. *See* Civ.R. 7(A); *see also Peterson* at 166. However, McCarley had also attached to his complaint each of the documents that the court of appeals relied on. Accordingly, McCarley has not established that the court of appeals erred by relying on these materials. *See Pontious*, 75 Ohio St.3d at 569, fn. 1.

### 2. *Substantive Argument*

**{¶ 15}** To be entitled to a writ of mandamus, McCarley must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of DRC to provide that relief, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 2012-Ohio-69, ¶ 6; *see also State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 162-164 (1967) (mandamus will lie

when a public officer or agency is under a clear legal duty to perform an official act, the relator is being denied a private right or benefit by the officer's or agency's failure to perform that official act, and the relator has no plain and adequate remedy in the ordinary course of the law).

{¶ 16} The director of rehabilitation and correction is the "executive head" of DRC. R.C. 5120.01. "All duties conferred on the various divisions and institutions of [DRC] by law or by order of the director shall be performed under the rules and regulations that the director prescribes and shall be under the director's control." *Id.* Under this authority, the director has promulgated inmate rules of conduct and disciplinary procedures for violations of those rules, which are found in Adm.Code Ch. 5120. Adm.Code 5120-9-06(C) provides a list of inmate rules of conduct. Adm.Code 5120-9-06(D) instructs that "[n]o inmate shall be found guilty of a violation of a rule of conduct without *some evidence* of the commission of an act and the intent to commit the act." (Emphasis added.)

{¶ 17} An inmate may appeal a guilty finding to "the managing officer or designee"—here, the MCI warden or his designee—whose decision may be appealed to DRC's "chief legal counsel or designee." Adm.Code 5120-9-08(O) and (P). The chief legal counsel or designee "shall review the RIB determination . . . to determine whether it was supported by sufficient evidence, whether there was substantial compliance with applicable procedures, and whether the disposition and any sanction imposed were proportionate to the rule violation." Adm.Code 5120-9-08(P). The chief legal counsel or designee may affirm or reverse the RIB's determination, approve or modify the penalty imposed, or return the matter to the RIB for reconsideration or rehearing. *Id.* Adm.Code 5120-9-08(Q) provides for a discretionary review by the director or the director's designee, but it "does not provide an additional appeal for the inmate above the appeal to the chief legal counsel."

**{¶ 18}** Here, McCarley was found guilty by the RIB of violating former Adm.Code 5120-9-06(C)(27) for "[g]iving false information or lying to departmental employees." In his mandamus complaint, McCarley alleged that DRC has a clear legal duty to vacate the guilty finding because there was *no* evidence that he lied in his written statement. He therefore argues on appeal that the Tenth District erred by granting judgment on the pleadings because he "provided a prima facie showing" that DRC failed to follow the requirements of Adm.Code 5120-9-06(D), which provides the "some evidence" standard.

**{¶ 19}** McCarley did not allege, however, that the RIB's guilty finding imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life or that it affected the duration of his confinement. *See State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d 477, 479 (1997) (mandamus will not lie absent evidence that the challenged institutional action implicated a constitutionally protected liberty interest, such as affecting the duration of confinement or imposing an "atypical and significant hardship" on the inmate in relation to the ordinary incidents of prison life); *see also Sandin v. Conner*, 515 U.S. 472, 483 (1995). Accordingly, McCarley has not demonstrated that a protected liberty interest was implicated by the RIB's decision that found him guilty of violating an inmate rule of conduct.

**{¶ 20}** Moreover, the RIB's finding that McCarley lied on his Inmate Confidential Statement was supported by "some evidence," namely, by the "unfounded" finding of the PREA investigation. McCarley's mere disagreement with the decision to uphold the RIB's guilty finding is not a proper use of mandamus. Therefore, DRC is entitled to judgment as a matter of law.

### III.  CONCLUSION

{¶ 21} We affirm the Tenth District Court of Appeals' judgment granting DRC's motion for judgment on the pleadings and denying McCarley's request for a writ of mandamus.

Judgment affirmed.

_____

Willard McCarley, pro se.

Dave Yost, Attorney General, and Adam Beckler, Assistant Attorney General, for appellee.

_____