[Cite as *State ex rel. Harris v. Schwendeman*, 2024-Ohio-5962.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## NOBLE COUNTY

STATE EX REL. LIONEL HARRIS,

Relator,

v.

B. SCHWENDEMAN (NOCI COMMISSARY SUPERVISOR),

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 NO 0516**

---

Writ of Mandamus

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Relator's petition for Writ of Mandamus dismissed. Respondent's motion for judgment on the pleadings granted.

---

Lionel Harris, Relator and

*Atty. Dave Yost,* Ohio Attorney General*, Atty. Salvatore P. Messina and Atty. Adam Beckler,* Assistant Attorneys General, Criminal Justice Section, Corrections Litigation Unit, for Respondent.

Dated: December 20, 2024

**PER CURIAM.**

{¶1} Relator Lionel Harris has filed this original action for a writ of mandamus to compel Respondent B. Schwendeman, a commissary supervisor at the Noble Correctional Institution where Relator is an inmate, to produce public records. Relator concedes that Respondent has provided the requested public records, rendering moot his request for a writ compelling their production. However, he seeks statutory damages due to Respondent's alleged delay in responding to his public records request. Respondent has filed a Civ.R. 12(C) motion for judgment on the pleadings, asserting that Relator failed to comply with the filing requirements of R.C. 2969.26(A). The Court dismisses the petition on the grounds that Relator failed to file an affidavit of civil actions or appeals of a civil action that satisfies the requirements of R.C. 2969.25(A).

{¶2} R.C. 2969.25(A) requires that "*[a]t the time that an inmate commences a civil action* or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." (Emphasis added.) The affidavit must include the following: "(1) A brief description of the nature of the civil action or appeal; (2) The case name, case number, and court in which the civil action or appeal was brought; (3) The name of each party to the civil action or appeal; [and] (4) The outcome of the civil action or appeal . . . ." R.C. 2969.25(A).

{¶3} Relator's complaint includes a purported affidavit under R.C. 2969.25(A) identifying six state-court cases. Respondent's motion to dismiss asserts that Relator's affidavit omits an ongoing federal civil rights action—*Harris v. Sowers*, case No. 2:16-CV-888—filed in the United States District Court for the Southern District of Ohio. Respondent specifically references Relator's recent appeal in that litigation, *Harris v. Sowers*, 2024 WL 3051285 (6th Cir. Feb. 6, 2024). After Respondent filed his Civ.R. 12(C) motion, Relator submitted what he titled an "updated" affidavit to include the federal case.

{¶4} The affidavit of prior actions is an essential component of what an inmate-plaintiff must file to commence a civil action against a public employee or entity. *State ex rel. Parker Bey v. Bur. of Sentence Computation*, 2022-Ohio-236, ¶ 19. The statute's requirements are mandatory, and noncompliance necessitates dismissal of an inmate's

complaint. *State ex rel. Hall v. Mohr*, 2014-Ohio-3735, ¶ 4. Further, the Supreme Court of Ohio has consistently held that the statute demands strict compliance. *State v. Henton*, 2016-Ohio-1518, ¶ 4; *State ex rel. Manns v. Henson*, 2008-Ohio-4478, ¶ 4.

{¶5} Consequently, dismissal is required where the affidavit of prior actions does not provide all of the information required by R.C. 2969.25. *State ex rel. Bey v. Loomis*, 2021-Ohio-2066; *State ex rel. Ware v. Walsh*, 2020-Ohio-769. This includes an affidavit that lists some, but not all, of the inmate's civil actions or appeals of a civil action. *Westerfield v. Bracy*, 2023-Ohio-499, ¶ 9 (finding affidavit omitting two other federal habeas corpus actions deficient despite petitioner's argument that the cases were voluntarily dismissed); *State ex rel. Swanson v. Ohio Dept. of Rehab. & Correction*, 2019-Ohio-1271, ¶ 6 (affirming dismissal of a mandamus action because the affidavit of prior actions omitted one prior mandamus case).

{¶6} Additionally, as previously stated, R.C. 2969.25(A) requires compliance with its requirements "[a]t the time that an inmate commences a civil action." Therefore, the failure to comply with the mandatory requirements of R.C. 2969.25 renders the complaint defective on its face, and noncompliance cannot be cured by a belated attempt to amend or file a correct affidavit. *State ex rel. Watkins v. Andrews*, 2015-Ohio-1100, ¶ 8; *State ex rel. Hall v. Mohr*, 2014-Ohio-3735, ¶ 4.

{¶7} Here, the affidavit Relator filed with his complaint listed some, but not all, of his civil actions or appeals of a civil action. Therefore, it does not strictly comply with R.C. 2969.25(A)'s requirements. Furthermore, Relator's subsequently filed "updated" affidavit cannot cure this deficiency.

{¶8} For these reasons, Respondent's motion for judgment on the pleadings is granted and Relator's petition for a writ of mandamus is dismissed. Any and all unresolved motions and filings not specifically addressed herein are dismissed as moot. Costs assessed to Relator. Final order. Pursuant to Civ.R. 58, the clerk of courts is directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal.

**JUDGE KATELYN DICKEY**

**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**