**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Harris v. Schwendeman*, Slip Opinion No. 2025-Ohio-4769.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4769

THE STATE EX REL. HARRIS, APPELLANT, *v.* SCHWENDEMAN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Harris v. Schwendeman*, Slip Opinion No. 2025-Ohio-4769.]**

*Mandamus—Public-records requests—Inmate failed to timely assert claim that court of appeals erroneously interpreted R.C. 2969.25(A) as requiring disclosure of each civil action* and *appeal of a civil action he had filed in prior five years—Court of appeals did not err in dismissing inmate's action for his failure to timely disclose a prior federal appeal or in failing to grant him leave to amend his pleading under Civ.R. 15(A)—Court of appeals' judgment granting appellee's motion for judgment on pleadings affirmed.*

(No. 2025-0124—Submitted June 3, 2025—Decided October 21, 2025.)

APPEAL from the Court of Appeals for Noble County,

No. 24 NO 0516, 2024-Ohio-5962.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Lionel Harris, appeals the dismissal of the complaint for a writ of mandamus he filed against B. Schwendeman, an employee of the Ohio Department of Rehabilitation and Correction working at the Noble Correctional Institution. Harris filed his complaint in the Seventh District Court of Appeals, requesting a writ to compel Schwendeman to produce records under the Public Records Act, R.C. 149.43. Harris also requested statutory damages in the amount of $13,000 based on Schwendeman's alleged delay in responding to his public-records request.

{¶ 2} The Seventh District granted Schwendeman's unopposed Civ.R. 12(C) motion for judgment on the pleadings and dismissed Harris's complaint. The court found that Harris's affidavit listing the civil actions he had filed in the previous five years omitted a federal appeal that was required to be disclosed under R.C. 2969.25(A).

{¶ 3} For the reasons that follow, we affirm the Seventh District's dismissal of Harris's complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 4} Harris is incarcerated at the North Central Correctional Complex.

{¶ 5} On July 1, 2024, Harris filed a mandamus complaint against Schwendeman in the Seventh District, alleging that he had failed to respond to a public-records request Harris sent him on April 4, 2024. Along with the complaint, Harris filed an "affidavit of civil actions for the previous five years," identifying six state-court actions that he had filed, including the mandamus action against Schwendeman.

**{¶ 6}** In a motion for summary judgment filed on November 13, 2024, Harris conceded that his request that Schwendeman be compelled to produce the requested records is moot because Schwendeman had provided copies of the records to him. However, Harris asked for summary judgment on his request for statutory damages. On November 15, Schwendeman filed a motion for judgment on the pleadings under Civ.R. 12(C), alleging that Harris's R.C. 2969.25(A) affidavit of prior civil actions was incomplete. *See* R.C. 2969.25(A) ("At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."). Specifically, Schwendeman alleged that Harris had failed to note in his affidavit a federal appeal that he filed in December 2022: *Harris v. Sowers*, 6th Cir. No. 22-4060 (2022).

**{¶ 7}** Harris's only response to Schwendeman's motion was the November 27 filing of an "updated affidavit of civil actions for the previous five years." That affidavit reflects that Harris had made minor revisions to his original affidavit and added four cases that he had filed in state courts after he filed his complaint in this case. In the updated affidavit, he also disclosed for the first time the federal appeal identified in Schwendeman's motion for judgment on the pleadings, noting that that appeal related to an action he filed in 2016 in the United States District Court for the Southern District of Ohio under 42 U.S.C. 1983.

**{¶ 8}** The Seventh District concluded that Harris's original affidavit of prior civil actions was incomplete based on his failure to disclose his federal appeal in it. Noting that the requirements of R.C. 2969.25(A) are mandatory and that noncompliance requires dismissal of an inmate's complaint, the court determined that the statute requires compliance when the inmate commences a civil action and that Harris's filing of an "updated" affidavit could not cure the deficiency of his original affidavit. Accordingly, the court granted Schwendeman's motion for

judgment on the pleadings and dismissed Harris's complaint for failure to comply with R.C. 2969.25(A).

{¶ 9} Harris has appealed to this court as of right.

## II. ANALYSIS

### A. Judgment on the pleadings

{¶ 10} In a civil action originating in a court of appeals, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Civ.R. 12(C). Judgment on the pleadings is appropriate when no material factual issues exist and the movant is entitled to judgment as a matter of law. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 1996-Ohio-459, ¶ 21. Because a Civ.R. 12(C) motion presents only questions of law, *State ex rel. Leneghan v. Husted*, 2018-Ohio-3361, ¶ 16, we review de novo a court of appeals' decision to grant judgment on the pleadings, *Reister v. Gardner*, 2020-Ohio-5484, ¶ 17.

{¶ 11} It is axiomatic that a court's ruling on a Civ.R. 12(C) motion for judgment on the pleadings must be restricted solely to the allegations asserted in the pleadings. *State ex rel. McCarley v. Dept. of Rehab. & Corr.*, 2024-Ohio-2747, ¶ 13. "Pleadings" consist of the complaint, the answer, and any replies thereto. Civ.R. 7(A). In this case, the Seventh District determined that the affidavit Harris filed with his mandamus complaint did not comply with the requirements of R.C. 2969.25(A), because it listed some, but not all, of the civil actions or appeals of civil actions that he had filed in the preceding five years. It appears that in reaching that determination, the court relied on materials outside the pleadings, beginning with the allegation in Schwendeman's motion for judgment on the pleadings that Harris failed to disclose in his original affidavit the appeal that he filed in the Sixth Circuit in 2022.

{¶ 12} Harris does not argue that the Seventh District went outside the pleadings to find his original affidavit deficient. And by filing an updated affidavit

that included the appeal that was omitted from his original affidavit, Harris admitted that he had filed that appeal in the five years preceding the filing of his mandamus complaint commencing this action *and* that that appeal was not disclosed in his original affidavit. Therefore, by submitting the evidence in question, Harris has invited any error in the Seventh District's reliance on matters outside the pleadings. *See McCarley* at ¶ 12-14, citing *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co., Lincoln-Mercury Div.*, 28 Ohio St.3d 20 (1986), paragraph one of the syllabus ("A party will not be permitted to take advantage of an error which he himself invited or induced.").

**B. Harris's propositions of law**

{¶ 13} Harris asserts three propositions of law in challenging the Seventh District's dismissal of his mandamus complaint. First, Harris asserts that the court erroneously interpreted R.C. 2969.25(A) as requiring the disclosure of each civil action *and* appeal of a civil action that he had filed in the previous five years. Second, Harris contends that the court erred by failing to find that his "updated" affidavit satisfied the requirements of R.C. 2969.25(A). And finally, Harris contends that the court erred by dismissing his complaint without allowing him to amend his affidavit of prior civil actions under Civ.R. 15(A). These contentions lack merit.

*1. Harris has forfeited his first proposition of law*

{¶ 14} As his first proposition of law, Harris argues that the Seventh District incorrectly interpreted and applied the requirements of R.C. 2969.25(A) by reading the statute's use of the word "or" as "and." He notes that the plain language of the statute refers to "each civil action *or* appeal of a civil action that the inmate has filed in the previous five years." (Emphasis added.) And he asserts that the legislature's use of the disjunctive "or," rather than the conjunctive "and," "permitted him to 'choose' between citing the civil action he was engaged in or the appeal of that civil action."

{¶ 15} Harris contends that "the court need not be placed on notice of each and every motion or appeal filed within the same civil action." Asserting that "most litigants appeal adverse decisions," Harris reasons that "citing the civil action itself should be considered all-inclusive and citing the appeal of that action separately is in and of itself, redundant." Therefore, Harris concludes that the Seventh District erroneously interpreted R.C. 2969.25(A) as requiring him to disclose each civil action *and* appeal of a civil action that he had filed in the preceding five years.

{¶ 16} Notably, Harris did not file a response to Schwendeman's motion for judgment on the pleadings, which plainly requested dismissal of his complaint on the basis that Harris failed to disclose the 2022 federal appeal in his original affidavit. Indeed, Harris's only response to Schwendeman's motion was to file his "updated" affidavit of prior civil actions in which he disclosed that appeal.

{¶ 17} Generally, an appellate court will not consider an issue a party failed to raise in the court below. *See, e.g.*, *State ex rel. Zollner v. Industrial Comm.*, 1993-Ohio-49, ¶ 12. And it is a well-settled rule that "'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" *State v. Rogers*, 2015-Ohio-2459, ¶ 21, quoting *State v. Childs*, 14 Ohio St.2d 56 (1968), paragraph three of the syllabus.

{¶ 18} Because Harris failed to timely assert this claim when the Seventh District could have considered and ruled on it, we will not address it here.

*2. We reject Harris's second and third propositions of law*

{¶ 19} As his second proposition of law, Harris contends that the Seventh District abused its discretion by failing to find that his "updated" affidavit of prior civil actions was sufficient to satisfy the requirements of R.C. 2969.25(A). And as his third proposition of law, he argues that the court erred when it failed to grant him leave to amend his original affidavit under Civ.R. 15(A).

{¶ 20} Harris asserts that courts of appeals have issued conflicting opinions on the issue whether an inmate should be permitted to file a belated or corrected affidavit of prior civil actions. But it is well-settled that the requirements of R.C. 2969.25(A) are mandatory and that an inmate's failure to comply with those requirements warrants dismissal of the inmate's action. *E.g.*, *State ex rel. Ridenour v. Brunsman*, 2008-Ohio-854, ¶ 5, citing *State ex rel. White v. Bechtel*, 2003-Ohio-2262, ¶ 5. R.C. 2969.25(A) "requires that the affidavit be filed '*at the time that an inmate commences a civil action* or appeal against a government entity or employee'" (emphasis in original), and an inmate may not cure the defect by seeking to amend the petition to include the required affidavit. *Fuqua v. Williams*, 2003-Ohio-5533, ¶ 9, quoting the statute.

{¶ 21} Moreover, R.C. 2969.25(A) requires strict rather than substantial compliance. *State ex rel. Manns v. Henson*, 2008-Ohio-4478, ¶ 4; *see State v. Henton*, 2016-Ohio-1518, ¶ 4. Therefore, "an affidavit that lists some, but not all, prior actions is subject to dismissal." *State ex rel. Swanson v. Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6, citing *Robinson v. LaRose*, 2016-Ohio-7647, ¶ 11. Consequently, we reject Harris's second proposition of law and conclude that the Seventh District did not err in dismissing his action based on his failure to timely disclose his 2022 federal appeal.

{¶ 22} Harris's third proposition of law—that the court of appeals erred in dismissing his action without granting him leave to amend his pleading under Civ.R. 15(A)—likewise lacks merit.

{¶ 23} Civ.R. 15(A) provides:

> A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after

service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires. . . .

{¶ 24} In this case, however, Harris did not file an amended pleading—i.e., an amended complaint. *See* Civ.R. 7(A) (identifying the types of pleadings in a civil action). Instead, several months after the time allowed under Civ.R. 15(A) for filing an amended pleading had expired, he filed an updated affidavit in response to Schwendeman's motion for judgment on the pleadings, so the rule does not apply. Furthermore, an amended complaint would have been futile here. We have held that "Civ.R. 15 does not provide a safe harbor for an inmate's failure to comply with R.C. 2969.25," *State ex. rel. Swopes v. McCormick*, 2022-Ohio-4408, ¶ 13, and have explained that our precedent "expressly foreclose[s] *all* avenues for curing a failure to comply with R.C. 2969.25, including amending the complaint" (emphasis in original), *id.* at ¶ 14, citing *State ex rel. Hall v. Mohr*, 2014-Ohio-3735, ¶ 5. We therefore reject Harris's third proposition of law.

### III. CONCLUSION

{¶ 25} Based on the foregoing, we reject each of Harris's three propositions of law and affirm the judgment of the Seventh District Court of Appeals.

Judgment affirmed.

_____

Lionel Harris, pro se.

Dave Yost, Attorney General, and Salvatore P. Messina, Assistant Attorney General, for appellee.

_____