PER CURIAM OPINION
{¶ 1} This action in mandamus is presently before this court for consideration of the motion to dismiss of respondent, the State of Ohio. As the primary grounds for this motion, respondent argues that the merits of the mandamus claim have become moot because the trial court in the underlying criminal proceeding has already completed the specific act which relator, Wilson Adams, sought to compel. For the following reasons, we hold that the motion to dismiss has merit.
 {¶ 2} In bringing the instant action, relator requested this court to issue an order which would require the trial judge in a separate criminal case to proceed on a certain pending matter. In his petition, relator asserted that, as the defendant in the underlying case, he moved the trial judge to dismiss the charges against him on the basis that he had not been afforded his statutory right to a speedy trial. Relator also alleged that, even though his motion had been pending for approximately two months, the trial judge has not taken any step to go forward on the matter.
 {¶ 3} In now moving to dismiss the mandamus petition, respondent states that, three days before relator initiated the instant action, the trial judge in the criminal case released a judgment in which he expressly overruled the motion to dismiss the pending charges. In support of this statement, respondent has attached to its motion a certified copy of a judgment from State v. Adams, Trumbull C.P. No. 03-CR-524. Based on this, respondent contends that the merits of relator's claim before this court are now moot.
 {¶ 4} On numerous occasions, this court has noted that a writ of mandamus will not lie to compel a public official to perform a specific act which has previously been completed. State ex rel Glavic v.Mitrovich (Sept. 12, 1997), 11th Dist. No. 97-L-141,1997 Ohio App. Lexis 4153. Under such circumstances, the mandamus petition will be subject to dismissal because the merits of the case have become moot. Id. Moreover, we have followed the foregoing proposition in actions in which the relator has sought to compel a trial judge to render a decision on a pending motion; i.e., once the judge has issued a judgment entry, there is no longer any need for the writ. State ex rel. Jaryga v. Mitrovich,
11th Dist. No. 2004-L-153, 2004-Ohio-6473. Finally, we have stated that, when a motion to dismiss is predicated on a "mootness" argument, extrinsic evidence outside the record, such as a proper copy of a judgment, can be considered in ruling upon the motion. State ex rel. Robinson v. McKay,
11th Dist. No. 2001-T-0125, 2002-Ohio-630.
 {¶ 5} In the instant case, the certified copy of the judgment entry in the criminal proceeding readily shows that the trial judge has rendered a decision on the merits of relator's motion to dismiss on speedy trial grounds. Under such circumstances, a writ of mandamus can never lie because the trial judge has already performed the exact act which relator wanted to compel by bringing this case. Therefore, the dismissal of the entire mandamus petition is warranted.
 {¶ 6} As an aside, this court would further indicate that relator's petition did not name the trial judge as a party to the instant case. Since the trial judge was the public official who had allegedly not performed his legal duty, it would have been necessary to issue any writ as to him, not the State of Ohio, in order to accord relator complete relief. However, because relator failed to name the judge as a respondent, we still could not have granted a writ in this matter even if the motion to dismiss was still pending before the trial judge in the underlying case.
 {¶ 7} Pursuant to the foregoing analysis, Respondent's motion to dismiss is granted. It is the order of this Court that Relator's entire mandamus petition is hereby dismissed.
Ford, P.J., Grendell, J., Rice, J., concurs.