[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND FINAL JUDGMENT ENTRY
{¶ 1} This matter is before the Court on a petition for a writ of mandamus or, in the alternative, writ of prohibition, filed by the Relator, Frank Newsome, pro se, on June 30, 2005, against the Respondent, Greene County Court of Common Pleas Judge, Stephen Wolaver. Although not completely clear from the petition, it appeared that Newsome was asking this Court to issue an order directing Judge Wolaver to recuse himself from a civil matter filed by Newsome in the Greene County Court of Common Pleas. On September 16, 2005, a "certificate of assignment" was filed in the civil matter, stating that the Honorable Stephen Alfred Yarbrough, would preside over the Relator's civil matter. As this appeared to have rendered Newsome's petition moot, we issued an order to show cause why the matter should not be dismissed. On October 11, 2005, we received Newsome's response to our show cause order.
 {¶ 2} Relator Newsome's response to our show cause order has failed to clarify exactly what type of relief he is seeking. In the response to our show cause order, Newsome is apparently seeking that four separate actions be taken by this Court: (1) Newsome wants us to issue an order for Judge Wolaver and Greene County Clerk of Courts Terri Mazur to show cause why they did not immediately file Newsome's petition for mandamus upon their receipt of the petition; (2) Newsome wants to "know why the respondent is spreading slander defamation;" (3) Newsome wants us to find the defendants in a particular civil case in which he is involved in default; and (4) Newsome asks that we take away the licenses of seven members of the Ohio Bar.
 {¶ 3} To be entitled to a writ of mandamus, the petitioner must demonstrate: (1) that he has a clear legal right to the relief requested; (2) that the respondent is under a clear legal duty to perform the requested act; and (3) that the petitioner has no plain and adequate remedy in the ordinary course of law. State ex rel. Luna v. Huffman
(1996), 74 Ohio St.3d 486, 487, 659 N.E.2d 1279.
 {¶ 4} First, Newsome asks that we issue a show cause order to Judge Wolaver and the Greene County Clerk of Courts, Terri Mazur. Initially, we note that Terri Mazur is not a party to this mandamus action, and therefore we need not address whether mandamus would lie to compel her to explain her actions. See Adams v. State (Dec. 30, 2004), Trumbull App. No. 2004-T-0116, 2004-Ohio-7225.
 {¶ 5} As to Judge Wolaver, mandamus will not lie to compel a person to explain his actions. Mandamus is appropriate to compel a judge to exercise action, but is not appropriate to control judicial discretion.State ex rel. Panzica v. Village of Mayfield (1977), 54 Ohio App.2d 68,70.
 {¶ 6} Judge Wolaver is not responsible for the filing of Newsome's petition for mandamus. That responsibility belongs to the clerk of courts. The fact that we have the petition before us is evidence that the clerk of courts fulfilled her responsibility. Therefore, Newsome's first request that we issue a show cause order to Judge Wolaver and Terri Mazur is inappropriate for a mandamus action.
 {¶ 7} Newsome also asks this Court to determine "why the respondent is spreading slander defamation" about him. Mandamus will not lie if there is an adequate remedy at law. State ex rel. Russell v. Duncan (1992),64 Ohio St.3d 538. If Newsome seeks relief for the alleged spreading of slander about him, his appropriate remedy is to file a civil suit in the court of common pleas. Thus, as Newsome has an adequate remedy at law available, mandamus will not lie.
 {¶ 8} Newsome further asks this Court to find certain defendants in default, in a case that is apparently pending before Judge Wolaver. Initially, we note that Newsome fails to specify a case name or number, thus we are unable to confirm his accusations. Examination of the only case pending in Greene County in which Newsome is a party, Greene County 2005-CV-0329, reveals that all of the defendants in the case have been dismissed from the action. Therefore, the issue is moot as the Judge has ruled on the matter in question. Further, if Newsome has been aggrieved by a failure to find parties in default, he has an adequate remedy at law, by way of an appeal of that claim.
 {¶ 9} Finally, Newsome asks that we revoke a number of attorneys' and judges' licenses to practice law. Newsome's failure to specify any reasons why this should be done notwithstanding, we lack the power to entertain such a request. The licensing of attorneys to practice law in Ohio is governed by the Supreme Court of Ohio and thus all requests regarding removal of state licenses should be directed to that Court. Ohio Const. Art. IV, sect. 2(B)(1)(g) (the Supreme Court of Ohio has original jurisdiction over "admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law.").
 {¶ 10} In addition, Newsome has failed to properly caption his application for a writ of mandamus. "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." R.C. 2731.04 (West 2005). Failure to properly caption an original action petition is grounds for denying the writ and dismissing the petition. Maloney v. Court of CommonPleas of Allen County (1962), 173 Ohio St. 226.
 {¶ 11} Newsome also seeks, in the alternative to a writ of mandamus, a writ of prohibition. To be entitled to a writ of prohibition the petitioner must demonstrate: (1) that a particular person or organization is planning to exercise judicial or "quasi-judicial" power; (2) that the exercise of that power is without legal authorization; and (3) that there is no other adequate remedy at law which petitioner could attain to prevent the injury. See State ex rel. The Illuminating Co. v. CuyahogaCountry Court of Common Pleas (2002), 97 Ohio St.3d 69, 72, 2002-Ohio-5312.
 {¶ 12} Examination of Newsome's complaint and response to our show cause order fails to reveal the unauthorized exercise of power by any person or organization which would not be able to be remedied upon appeal. Therefore, a writ of prohibition will not lie.
 {¶ 13} In sum, Newsome's response to our show cause order has failed to present any clear legal right to the relief he is requesting. Further, the relief that Newsome was seeking in his original complaint has already been rendered, and thus his complaint for mandamus is moot. Accordingly, the petition for mandamus, or in the alternative prohibition, is DISMISSED.
 {¶ 14} IT IS SO ORDERED.
James A. Brogan Presiding and Administrative Judge.
Mike Fain, Judge.
Mary E. Donovan, Judge.