[Cite as *State ex rel. Jones v. Cassidy*, 2021-Ohio-434.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE EX REL. SAMUEL S. JONES, | : | |
| Relator, | : | |
| | : | No. 110176 |
| v. | : | |
| JUDGE MARILYN B. CASSIDY, | : | |
| Respondent. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** February 12, 2021

Writ of Mandamus
Motion No. 543802
Order No. 544017

### *Appearances:*

Samuel S. Jones, *pro se.*

Barbara A. Langhenry, Cleveland Director of Law, and Craig J. Morice and Amy K. Habinski, Assistant Directors of Law, *for respondent.*

MARY EILEEN KILBANE, J.:

{¶ 1} Relator, Samuel S. Jones, seeks a writ of mandamus directing respondent, Judge Marilyn B. Cassidy, to vacate all orders entered in *Cleveland v. Jones*, Cleveland M.C. No. 2013 CRA 022885. Jones's complaint for writ of

mandamus is dismissed because the charges in that municipal court case have been dismissed and any interlocutory orders have terminated by operation of law. Therefore, there is nothing for respondent to vacate. Also, Jones's complaint is fatally defective.

## I. Procedural and Factual History

{¶ 2} Jones filed a complaint for writ of mandamus on December 21, 2020. There, he asserted that respondent is the judge that presided over the aforementioned municipal court case. Jones alleged that he was in the hospital when the case was initiated and never made an appearance, waived his presence, or was represented by counsel. Jones claims that court proceedings were improperly conducted in his absence. He asserts that any orders entered in the case are void and must be vacated.

{¶ 3} On January 27, 2021, respondent filed a motion to dismiss. There, she argued that, among other things, the charges in the municipal court case were dismissed, and she had no duty to take further action. Jones responded by filing an amended complaint on January 28, 2021, 28 days after service of his original complaint and within 28 days of the service of respondent's Civ.R. 12(B) motion. *See* Civ.R. 15(A). This rendered respondent's motion to dismiss moot. The amended complaint attached a brief portion of a purported transcript from a July 31, 2013 hearing conducted by respondent. The amended complaint also contained an affidavit of prior civil actions filed by Jones, which the initial complaint lacked. With the exception of the addition of a brief statement of the relief requested added to the

third page of the complaint, the allegations in the complaint and amended complaint were the same.

## II. Sua Sponte Dismissal

{¶ 4} Jones seeks a writ of mandamus. Therefore, he has the burden of showing by clear and convincing evidence that (1) he has a clear legal right to the request relief, (2) that respondent has a clear legal duty to provide the requested relief, and (3) that Jones lacks an adequate remedy in the ordinary course of the law. *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, 67 N.E.3d 755, ¶ 10, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

{¶ 5} A complaint in an original action before the court of appeals is subject to dismissal, sua sponte, where the complaint is frivolous or the "claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Harris v. Toledo*, 74 Ohio St.3d 36, 37, 656 N.E.2d 334 (1995), citing *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (1995). An appellate court must presume as true all factual allegations made in the complaint and must draw all reasonable inferences in favor of the relator. *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14, citing *State ex rel. Brady v. Pianka*, 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 6.

{¶ 6} Jones requests a writ directing respondent to vacate every order entered in a criminal municipal court case because he was not present or represented by counsel at any hearing. Jones alleges that respondent lacked

jurisdiction to enter orders or hold a hearing. Jones's chief complaint appears to be that respondent conducted a hearing on July 31, 2013, without his presence. Jones has attached an excerpt of a transcript, which we will presume accurately reflects what occurred in court on that day. The transcript indicates that an arraignment hearing was scheduled but continued because Jones was in the hospital. The docket attached to Jones's amended complaint also shows that proceedings were continued because Jones was in the hospital. However, the few pages of purported transcript indicate that respondent set a bail amount on that date. Jones points to this as actions taken without jurisdiction or authority.

{¶ 7} Regardless, the docket attached to the complaint shows that the charges against Jones were nolled and the case was dismissed on August 16, 2013, because a county grand jury returned an indictment against him on related charges.

{¶ 8} We previously recognized that the municipal court case against Jones was dismissed as a result of Jones's grand jury indictment that was returned before Jones could be arraigned in the municipal court case due to his hospitalization. *State v. Jones*, 8th Dist. Cuyahoga No. 107743, 2019-Ohio-2233. In that appeal, Jones argued that errors that occurred in the same municipal court case required the dismissal of charges in the related common pleas court case. This court determined that any defect related to the failure to hold a preliminary hearing within a statutorily prescribed period of time in the municipal court was rendered moot by the subsequent indictment handed down by grand jury. *Id.* at ¶ 19, citing *State v. Washington*, 30 Ohio App.3d 98, 99, 506 N.E.2d 1203 (8th Dist.1986).

**{¶ 9}** No judgment was rendered against Jones in the underlying municipal court case because those charges were nolled and dismissed. Therefore, Jones's citation to case law indicating that a judgment entered without jurisdiction must be vacated is inapposite. [1] *See, e.g., State ex rel. Tod v. Court of Common Pleas*, 15 Ohio St. 377 (1864). Crim.R. 48 provides for the dismissal of an indictment, information, or complaint. Pursuant to this rule, once a case is dismissed it is terminated. *State ex rel. Flynt v. Dinkelacker*, 156 Ohio App.3d 595, 2004-Ohio-1695, 807 N.E.2d 967, ¶ 14 (1st Dist.). Once terminated, the interlocutory orders entered in the case also terminate. *State ex rel. Stifel v. Stokes*, 8th Dist. Cuyahoga No. 89466, 2007-Ohio-997, ¶ 4. After this occurs, with limited exception, "the court loses jurisdiction and the case ends." *State v. Dare*, 7th Dist. Belmont No. 16 BE 0011, 2017-Ohio-7585, ¶ 14, citing *State v. Sutton*, 64 Ohio App.2d 105, 411 N.E.2d 818 (9th Dist.1979).

**{¶ 10}** Therefore, there is nothing for respondent to vacate. Any order that Jones claims is void because it was improperly entered without jurisdiction and without his presence has already terminated by operation of law. Respondent has no duty to do what has already been done and mandamus may not be used to compel a vain act. *State ex rel. Bona v. Orange*, 85 Ohio St.3d 18, 22, 706 N.E.2d 771 (1999), citing *State ex rel. Thomas v. Ghee*, 81 Ohio St.3d 191, 192, 690 N.E.2d 6 (1998).

---

[1] Crim.R. 32(C) defines a judgment in a criminal case, and does not include any of the interlocutory orders that were entered in Jones's case prior to dismissal of the criminal case.

Jones's claims are moot in light of the dismissal of the criminal case, and he obviously cannot prevail in the instant action.

### III. Affidavit of Prior Civil Actions

{¶ 11} Finally, Jones's attempt to amend his complaint to add an affidavit of prior civil actions in order to comply with R.C. 2969.25(A) is unavailing.

{¶ 12} An inmate commencing a civil action against a government entity or employee must file an affidavit that described each civil action commenced within the previous five years. The affidavit must include a brief description of each action; the case name, number, and court; the name of each party; and the outcome. R.C. 2969.25(A)(1)-(A)(4). The statute requires that the affidavit be filed at the time the action is commenced. R.C. 2969.25(A). "[T]the affidavit required by R.C. 2969.25(A) must be filed at the time the complaint is filed, and an inmate may not cure the defect by later filings." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4, citing *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 9. Strict compliance is required. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, 128 N.E.3d 193, ¶ 6, citing *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, ¶ 4. Jones's failure to file the required affidavit at the time he filed his initial complaint, and the inclusion of the affidavit with his amended complaint, means that Jones has filed prior civil actions within the previous five years that he failed to disclose when he filed his complaint. This demonstrates that his complaint is fatally defective, and his later attempt to correct the defect is improper.

{¶ 13} For all these reasons, the complaint is sua sponte dismissed. Costs to relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 14} Complaint dismissed.


_____
MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR