[Cite as *State ex rel. Conomy v. Rohrer*, 2024-Ohio-5535.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO on the relation of CHRISTOPHER P. CONOMY | JUDGES: Hon. Patricia A. Delaney, P.J. Hon. William B. Hoffman, J. Hon. Andrew J. King, J. |
| Relator | |
| -vs- | Case No. 24 CAD 07 0042 |
| JUDGE KYLE ROHRER, ET AL., | O P I N I O N |
| Respondents | |


CHARACTER OF PROCEEDINGS:     Writs of Mandamus and Procedendo

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     November 22, 2024


APPEARANCES:

For Relator

CHRISTOPHER P. CONOMY
3050 Brookview Drive
Galena, Ohio 43021

For Respondents

AARON M. GLASGOW
RYAN C. SPITZER
ISAAC WILES & BURKHOLDER, LLC
2 Miranova Place, 7th Floor
Columbus, Ohio 43215

*Hoffman, J.*

**{¶1}** On July 15, 2024, Relator Christopher P. Conomy filed a Verified Original Petition in Mandamus and Procedendo with a demand for damages under R.C. 2731.11. Conomy's action focuses on two criminal cases that were dismissed by the Delaware Municipal Court because he was found to be "incompetent and nonrestorable." Conomy asks this Court to take appropriate action to clear the record of alleged false statements and dismiss the criminal actions with prejudice.

**{¶2}** Conomy also asks for an order commanding Judge Rohrer to hear and decide a pending motion in Delaware Municipal Court Case No. 23CRB01129. Finally, Conomy seeks money damages, including punitive and pre-judgment interest damages, for emotional distress, psychological distress, loss of income, loss of consortium and economic and non-economic damages allegedly caused by the wrongful behavior of Respondents Judge Kyle Rohrer, Amelia Bean-DeFlumer, Natalia Harris and the City of Delaware, Ohio.

**{¶3}** For the following reasons, we find Conomy is not entitled to the requested mandamus and procedendo relief or the requested damages.

## I. Background

**{¶4}** On September 25, 2023, Conomy alleges that Respondent Judge Kyle Rohrer wrongfully found him incompetent to stand trial in Delaware Municipal Court Case No. 23CRB00517. Conomy states this was done, without his knowledge, under an unwritten, collusive stipulation between a public defender and Respondent Amelia Bean-DeFlumer, the prosecutor for the City of Delaware, and was overseen by Respondent City of Delaware attorney, Natalia Harris.

**{¶5}** Respondent Judge Rohrer's September Entry & Order "finds there is not a substantial probability that Defendant will become competent to stand trial within the time allotted by law, even if provided a course of treatment." Respondent Judge Rohrer dismissed the case against Conomy. The decision to dismiss the criminal case against Conomy occurred following a Competency to Stand Trial Report dated September 19, 2023, concluded there was "<u>not</u> a substantial probability that Mr. Conomy will be restored to competency within the limited time allotted by law." (Emphasis in original.)

**{¶6}** Conomy claims he was not given notice that a report had been prepared and submitted to the trial court. He further claims he found out about the report when the public defender forwarded a copy of the September 2023 order to him.

**{¶7}** The City of Delaware subsequently filed criminal charges against Conomy for domestic violence, menacing and disorderly conduct in Delaware Municipal Court Case No. 23CRB01129. On February 19, 2024, Respondent Bean-DeFlumer filed a motion to dismiss without prejudice. The motion stated Conomy was "incompetent and nonrestorable." On the same day, Respondent Judge Rohrer granted the motion and dismissed the charges without prejudice.

**{¶8}** The two criminal cases arise from domestic disturbances between Conomy and his wife. Conomy states in his petition that he is presently in a contentious divorce and custody fight with his wife. Conomy's mother-in-law has temporary custody of the couple's two minor children. Conomy maintains these criminal matters and the finding that he is incompetent and nonrestorable to stand trial have negatively reflected upon him in the divorce proceedings by impacting his ability to obtain temporary custody of his children and limiting his contact with the children. Conomy further maintains "the false

declarations of Petitioner's[1] incompetence have drawn that case [divorce case] into chaos and has caused serious emotional and psychological harm to Petitioner (sic) and his children." Petition, ¶ 4.

**{¶9}** Conomy claims he has no clear procedural vehicle to oppose the finding of incompetency and no right to appeal from the dismissals of the two criminal cases. Therefore, he requests the following relief in this original action:

1. A writ of mandamus commanding Respondent Judge Rohrer to remove the false, defamatory and collusive September 25, 2023 entry in Delaware Municipal Case No. 23CRB00517, take other appropriate action to clear the record of false statements and dismiss the action with prejudice.

2. A writ of procedendo commanding Respondent Judge Rohrer to hear and decide the pending March 15, 2024 motion in Delaware Municipal Court Case No. 23CRB01129, correct the record of that matter to remove false statements, and dismiss the action with prejudice.

3. A writ of mandamus commanding Respondents Bean-DeFlumer, Harris and the City of Delaware to withdraw all charges in both cases, to take other appropriate actions to clear Conomy's name including cooperating with all subpoenas and requests for production in any matter affected by or relating to anything arising in those cases without asserting any privilege or withholding any evidence.

---

[1] Conomy is a "relator" in this original action and not a "petitioner."

4. Money damages as in a civil action under R.C. 2731.11 for emotional distress, psychological distress, loss of income, loss of consortium, and other economic and non-economic damages caused by the wrongful behavior of the Respondents, including punitive damages and pre-judgment interest.

5. Costs of litigation and any other relief he is entitled to by equity and law.

## II. Analysis

### A. Mandamus and procedendo elements

**{¶10}** "Mandamus is an extraordinary remedy, to be issued with great caution and discretion and only when the way is clear." *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166 (1977). "To be entitled to a writ of mandamus, a relator must carry the burden of establishing that he or she has a clear legal right to the relief sought, that the respondent has a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy in the ordinary course of law." *State ex rel. Van Gundy v. Indus. Comm.*, 2006-Ohio-5854, ¶ 13. Relator has the burden of establishing all three elements by clear and convincing evidence. *State ex rel. Mars Urban Solutions, LLC v. Cuyahoga Cty. Fiscal Officer*, 2018-Ohio-4668, ¶ 6.

**{¶11}** With regard to procedendo relief, "[a] writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995), citing *State ex rel. Doe v. Tracy*, 51 Ohio App.3d 198, 200

(12th Dist. 1988). Relator must establish a clear legal right to the relief requested and there must be no adequate remedy at law. *Sherrills* at 462, citing *State ex rel. Brown v. Shoemaker*, 38 Ohio St.3d 344, 345 (1988).

### B. Civ.R. 12(C) standard

**{¶12}** Civ.R. 12(C) motions are specifically for resolving questions of law. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166 (1973). Dismissal under Civ.R. 12(C) "is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996), citing *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 99 (8th Dist. 1992). "Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." *Id.*, citing *Burnside v. Leimbach*, 71 Ohio App.3d 399, 403 (10th Dist. 1991).

### C. Conomy is not entitled to mandamus relief regarding the September 25, 2023 Entry & Order because he has an adequate remedy at law.

**{¶13}** In Delaware Municipal Court Case No. 23CRB00517 Conomy was charged with a violation of R.C. 2903.21(A), aggravated menacing, a misdemeanor of the first degree. Conomy seeks mandamus relief ordering Respondent Judge Rohrer to remove his September 25, 2023 Entry & Order entered in this case because it is allegedly false, defamatory and collusive. He also asks that the criminal case be dismissed with prejudice rather than without prejudice.

**{¶14}** The challenged Entry & Order finds Conomy incompetent to stand trial and further concludes, "there is not a substantial probability that Defendant [Conomy] will

become competent to stand trial within the time allotted by law, even if provided a course of treatment." The trial court dismissed the case.

**{¶15}** We conclude Conomy has an adequate remedy at law by way of the sealing statutes, R.C. 2953.32 and 2953.33. "An adequate remedy in the ordinary course of the law includes equitable as well as legal remedies; and where there is an adequate remedy, mandamus will not lie." (Cleaned up.) *State ex rel. Doe v. Gallia City Common Pleas Court*, 2018-Ohio-2168, ¶ 12, citing *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 168 (1967), quoting 35 Ohio Jur. 2d, Mandamus, ¶ 31, at 278. Further, "'[t]he alternative must be complete, beneficial, and speedy in order to constitute an adequate remedy at law.'" *Id.*, citing *State ex rel. Ullman v. Hayes*, 2004-Ohio-5469, ¶ 8.

**{¶16}** We find the *Doe* case instructive for our analysis. *Doe* involved a relator who had criminal records sealed in 2013 under R.C. 2953.52. *Id.* at ¶ 1. However, the appellate court's decision remained available on the court's website. *Id.* at ¶ 4. Doe filed a motion, in the court of appeals, that somehow resulted in the court of appeals making his appellate records public again. *Id.* Thereafter, Doe filed an emergency motion in the common pleas court for an order resealing his records. *Id.* at ¶ 5. The trial court never took action to enforce the 2013 order or address Doe's motion. *Id.* Doe eventually filed a writ of mandamus under seal with the Supreme Court. *Id.* at ¶ 6.

**{¶17}** In response to the writ, the common pleas court asserted the sealing statute provided Doe with an adequate remedy at law. *Id.* at ¶ 10. The Court disagreed and concluded the right to notify any public office about a sealing order, under R.C. 2953.53(B), was not a legal or equitable remedy and therefore, was not an adequate remedy at law that would preclude the issuance of an extraordinary writ. *Id.*

**{¶18}** Although *Doe* is factually distinguishable, its legal analysis is on point for purposes of the facts presented here. *Doe* supports the conclusion that the ability to seal or expunge a record is an adequate remedy at law. However, the right to notify a public office about a sealing order is not a legal or equitable remedy that would preclude the issuance of an extraordinary writ. Therefore, we conclude Conomy's ability to seal or expunge his record in Delaware case number 23CRB00517 provides him with an adequate remedy at law that precludes the issuance of a writ of mandamus.

**{¶19}** Further, Conomy is asking this Court to control Respondent Judge Rohrer's judicial discretion. Conomy asks us to order Judge Rohrer to remove an Entry & Order filed on September 25, 2023, and to order the above-referenced criminal case dismissed with prejudice. Essentially, Conomy is asking us to order Judge Rohrer to alter the outcome of his decision, over which Judge Rohrer has already exercised his discretion, and to order the exercise of that discretion in his favor.

**{¶20}** R.C. 2731.03 prohibits us from granting such relief. This statute titled, "Writ does not control judicial discretion" prohibits a court from issuing a writ of mandamus to alter the inferior court's exercise of its discretion. *Patterson v. D'Apolito*, 2024-Ohio-1632, ¶ 40 (7th Dist.). Thus, "mandamus will not lie to control judicial discretion, even if that discretion is abused." *Id.*, citing *State ex rel. Rashada v. Pianka*, 2006-Ohio-6366, ¶ 3.

**{¶21}** Therefore, Conomy does not have a clear legal right to the requested relief. He is not entitled to a writ of mandamus ordering Respondent Judge Rohrer to remove his September 25, 2023 Entry & Order entered in Delaware Municipal Case Number 23CRB00517. Conomy is also not entitled to a writ of mandamus ordering Respondent Judge Rohrer to dismiss Delaware Municipal Case Number 23CRB00517.

*D. Conomy is not entitled to procedendo relief with regard to the pending March 15, 2024 motion to amend the dismissal entry in Delaware Municipal Case No. 23CRB01129.*

**{¶22}** On March 15, 2024, Conomy filed a "Motion of Former Defendant Christopher P. Conomy to Amend Dismissal Entry and for Sanctions Against Amelia Bean-DeFlumer and Natalia Harris." The motion was filed after his case was dismissed under Crim.R. 48(A) on February 19, 2024. Because the case was dismissed, the trial court lacks jurisdiction to address Conomy's pending motion.

**{¶23}** Crim.R. 48 provides for the dismissal of an indictment, information, and complaint. Under this rule, once a case is dismissed it is terminated. *State ex rel. Jones v. Cassidy*, 2021-Ohio-434, ¶ 9 (8th Dist.), citing *State ex rel. Flynt v. Dinkelacker*, 2004-Ohio-1695, ¶ 14 (1st Dist.). Thus, after dismissal, with limited exception, "'the court loses jurisdiction and the case ends.'" *Id.*, quoting *State v. DaRe*, 2017-Ohio-7585, ¶ 14 (7th Dist.), citing *State v. Sutton*, 64 Ohio App.2d 105, 109 (9th Dist. 1979). *See also Flynt* at ¶ 20 where the court explained, "[w]hen a case is dismissed, it is over – except in the case where the dismissal is appealed."

**{¶24}** Here, the case ended on February 19, 2024, when the trial court dismissed it without prejudice. The motion moving to dismiss indicates Conomy is incompetent and nonrestorable. Therefore, there is nothing for Respondent Judge Rohrer to amend and nothing upon which to base sanctions. For these reasons, Conomy is not entitled to relief in procedendo because he has not established a clear legal right to the requested relief.

*E. Conomy is not entitled to mandamus relief, in both criminal cases commanding Respondents Bean-DeFlumer, Harris and the City of Delaware to retract alleged defamatory statements and withdraw all charges.*

**{¶25}** In support of this requested relief, Conomy first asks that we direct Respondents Bean-Deflumer, Harris and the City of Delaware to withdraw or direct their supervisors to withdraw all alleged false statements about him. Conomy is not entitled to mandamus relief regarding any alleged false statements made by these Respondents because he has an adequate remedy at law.

**{¶26}** If Conomy seeks relief for alleged false statements against him, his appropriate remedy is to file a defamation action in the common pleas court. *See Newsome v. Wolaver*, 2005-Ohio-5968, ¶ 7 (Relator sought mandamus relief for slanderous statements about him and the court of appeals held, "[i]f [relator] seeks relief for the alleged spreading of slander about him, his appropriate remedy is to file a civil suit in the court of common pleas. Thus, as [relator] has an adequate remedy at law available, mandamus will not lie.")

**{¶27}** Conomy next seeks mandamus relief ordering these Respondents to withdraw all of the charges against him in both criminal cases. As with judicial discretion, we have no authority to control prosecutorial discretion. The prosecution of criminal charges is within the authority conferred upon a prosecutor under R.C. 309.08. Once a "prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *State v. Ballard*, 2016-Ohio-364, ¶ 11 (1st Dist. 2016), quoting *Bordenkircher v. Hayes,* 434 U.S. 357, 364-365 (1978).

**{¶28}** Thus, "'[w]hen a court, tribunal, or *official* is invested with discretion and is acting within the scope of jurisdiction conferred, a writ of prohibition will not issue to control the exercise of such discretion.'" (Emphasis added.) *State ex rel. Briggs v. Corabi*, 1991 WL 184810, *2 (7th Dist. 1991), quoting 67 Ohio Jurd.3d, Mandamus, Procedendo and Prohibition, ¶ 177, at 487. In *Briggs*, relator filed a writ of prohibition to restrain the prosecutor from conducting a pretrial on certain misdemeanor charges instead arguing for aggravated assault charges. *Id.* at *1. The *Briggs* court concluded prohibition was not an available remedy against the prosecutors because prohibition does not lie to prohibit matters of discretion. *Id.*

**{¶29}** Here, as in *Briggs*, Conomy requests mandamus relief ordering that Respondents withdraw all criminal charges filed against him. We decline to grant the requested relief because in filing those charges against Conomy, Respondents used their discretion and acted within the scope of jurisdiction conferred to them under R.C. 309.08. We will not issue a writ of mandamus to control Respondents' discretion on such matters.

*F. Conomy is not entitled to money damages, and we lack original jurisdiction over an action for a money judgment.*

**{¶30}** Conomy next maintains that he is entitled to monetary damages for emotional distress, psychological distress, loss of income, loss of consortium, and other economic and non-economic damages caused by the wrongful behavior of Respondents, including punitive damages and pre-judgment interest.

**{¶31}** The Ohio Supreme Court explained in *State ex rel. Maddox v. Lincoln Hts.*, 2016-Ohio-5001, ¶ 10:

Article IV, Section 2(B)(1) of the Ohio Constitution does not allow us to approve money settlements in the context of an original action. The constitutional provision grants us jurisdiction in mandamus to issue a writ ordering a government officer to fulfill a duty imposed by law, but it does not grant us original jurisdiction to preside over the distribution of money payments in lieu of or in conjunction with a writ.

**{¶32}** Therefore, this Court lacks jurisdiction to award the damages requested by Conomy in the context of this original action.

### III. Conclusion

**{¶33}** For the foregoing reasons, we deny Conomy's writs of mandamus and procedendo and grant Respondents' Motion for Judgment on the Pleadings under Civ.R. 12(C). Conomy can prove no set of facts entitling him to relief. We also deny Conomy's request for costs of litigation. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

**{¶34}** RESPONDENTS' MOTION FOR JUDGMENT ON THE PLEADINGS IS GRANTED.

**{¶35}** RELATOR'S VERIFIED ORIGINAL PETITION IN MANDAMUS AND PROCEDENDO IS DISMISSED.

**{¶36}** RELATOR'S DEMAND FOR DAMAGES UNDER R.C. 2731.11 IS DENIED.

**{¶37}** COSTS TO RELATOR.

**{¶38}** IT IS SO ORDERED.


By: Hoffman, J.

Delaney, P.J.  and

King, J. concur