[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Conomy v. Rohrer*, Slip Opinion No. 2025-Ohio-5296.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-5296

THE STATE EX REL. CONOMY, APPELLANT, *v.* ROHRER, JUDGE, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Conomy v. Rohrer*, Slip Opinion No. 2025-Ohio-5296.]

*Mandamus—Procedendo—Court of appeals correctly dismissed appellant's mandamus claim against common-pleas-court judge presiding over misdemeanor case against appellant because a writ of mandamus will not issue to control how judicial discretion is exercised—Court of appeals correctly dismissed appellant's procedendo claim against judge because judge lacked jurisdiction to rule on motion to amend dismissal entry after dismissing case—Court of appeals correctly dismissed appellant's mandamus claim against appellees because appellant had adequate remedy in ordinary course of law in form of a defamation action to obtain relief regarding allegedly false statements made by prosecutor—Court of appeals' dismissal of petition affirmed.*

(No. 2024-1786—Submitted June 24, 2025—Decided December 2, 2025.)

APPEAL from the Court of Appeals for Delaware County,

No. 24 CAD 07 0042, 2024-Ohio-5535.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Christopher P. Conomy, filed a petition in the Fifth District Court of Appeals, requesting writs of mandamus and procedendo against appellees, Delaware Municipal Court Judge Kyle Rohrer, Delaware City Prosecutor Amelia Bean-DeFlumer, Delaware City Attorney Natalia Harris, and the City of Delaware. Conomy requested that appellees be ordered to take certain actions concerning two criminal cases that had been filed against Conomy and ultimately dismissed. Upon a motion for judgment on the pleadings filed by appellees, the Fifth District dismissed Conomy's petition. Conomy appealed to this court and, during and after briefing, filed several motions. For the reasons explained below, we affirm the dismissal and deny all of Conomy's motions.

## I.  FACTS AND PROCEDURAL HISTORY

### A.  Conomy Found to Be Incompetent to Stand Trial

{¶ 2} Judge Rohrer presided over a misdemeanor case in the Delaware Municipal Court, *State v. Conomy*, Delaware M.C. No. 23CRB00517, in which Conomy was charged with aggravated menacing. Based on a written competency evaluation, Judge Rohrer found Conomy to be incompetent to stand trial and not restorable to competency within the time allotted by law. Accordingly, the judge dismissed the charge on September 25, 2023. Conomy alleges in his petition that he did not know at that time that his own counsel had requested the competency evaluation.

**{¶ 3}** Conomy subsequently appeared before Judge Rohrer as a defendant in another criminal case, *State v. Conomy*, Delaware M.C. No. 23CRB01129. Bean-DeFlumer moved to dismiss that case without prejudice on the basis that Conomy was incompetent and not restorable. Judge Rohrer granted the motion and dismissed the case without prejudice. About a month later, on March 15, 2024, Conomy filed a motion to amend the dismissal entry and for sanctions against Bean-DeFlumer and Harris. According to Conomy, Judge Rohrer has not ruled on that motion.

### B. Conomy's Petition Dismissed by the Fifth District

**{¶ 4}** Conomy filed a petition for writs of mandamus and procedendo against appellees in the Fifth District Court of Appeals. He asserted that the allegations of his incompetency had been used against him in his ongoing divorce and child-custody proceeding, resulting in his losing custody of his children. He requested (1) a writ of mandamus ordering Judge Rohrer to "remove the false, defamatory, and collusive" September 25, 2023 entry in *State v. Conomy*, Delaware M.C. No. 23CRB00517, take other appropriate actions to clear the record of allegedly false statements, and amend the dismissal entry from "without prejudice" to "with prejudice," (2) a writ of procedendo ordering Judge Rohrer to rule on the motion pending in *State v. Conomy*, Delaware M.C. No. 23CRB01129, correct the record of that matter as to allegedly false statements, and amend the dismissal entry from "without prejudice" to "with prejudice," (3) a writ of mandamus ordering Bean-DeFlumer, Harris, and the City of Delaware (collectively, "the city") to withdraw, or direct their supervisees to withdraw, all false statements they allegedly made about Conomy, withdraw all charges in both cases, and take other appropriate actions to clear his name, including complying with subpoenas and discovery requests without asserting privilege or withholding evidence, (4) damages under R.C. 2731.11 for alleged emotional distress, psychological distress, loss of income, loss of consortium, and other economic and noneconomic damage, (5)

reimbursement for the costs of the litigation, and (6) any other relief he is entitled to by equity or law.

{¶ 5} Appellees filed a motion for judgment on the pleadings. The Fifth District granted appellees' motion and dismissed Conomy's petition. The court concluded that Conomy was not entitled to a writ of mandamus against Judge Rohrer regarding the September 25, 2023 entry, because Conomy had an adequate remedy in the ordinary course of the law in that he could request under R.C. 2953.32 and 2953.33 that the record in Delaware M.C. No. 23CRB00517 be sealed or expunged. 2024-Ohio-5535, ¶ 18 (5th Dist.). The Fifth District also determined that Conomy was impermissibly asking it to control the exercise of Judge Rohrer's judicial discretion. *Id.* at ¶ 19-20. Therefore, the Fifth District concluded, Conomy lacked a clear legal right to the requested mandamus relief as to Judge Rohrer. *Id.* at ¶ 21.

{¶ 6} Regarding Conomy's claim for a writ of procedendo against Judge Rohrer, the Tenth District determined that after the judge dismissed the case against Conomy in Delaware M.C. No. 23CRB01129 under Crim.R. 48(A), he lacked jurisdiction to address the pending motion that was the subject of the writ request. *Id.* at ¶ 22-24. Accordingly, the Tenth District held, Conomy could not show a clear legal right to the requested procedendo relief. *Id.* at ¶ 24.

{¶ 7} As for Conomy's mandamus claim against the city, the Tenth District concluded that Conomy had an adequate remedy in the ordinary course of the law to obtain relief regarding the allegedly false statements in the form of a defamation action in the court of common pleas. *Id.* at ¶ 25-26. The Tenth District also specifically rejected Conomy's request that the city be ordered to dismiss all charges against him in both criminal cases, reasoning that a writ of mandamus may not issue to control prosecutorial discretion. *Id.* at ¶ 27-29. And regarding Conomy's claim for damages, the court concluded that it lacked jurisdiction to award damages under R.C. 2731.11 in an original action. *Id.* at ¶ 31-32.

4

**C. Appeal and Motions**

{¶ 8} Conomy timely appealed the Fifth District's judgment dismissing his petition. He asserts four propositions of law, one concerning each of the three writ requests and one challenging the denial of damages. He asks that this court reverse the dismissal of his petition and remand the case with instructions to permit him to conduct discovery.

{¶ 9} During and after briefing in this case, Conomy filed four motions: (1) a motion to disqualify appellees' counsel, (2) a motion for referral to a special master, (3) a motion to strike two affidavits filed by appellees, and (4) a motion for an order directing appellees and their counsel to show cause why they should not be held in contempt. Appellees filed memoranda in opposition to Conomy's first, second, and fourth motions.

**II. ANALYSIS**

**A. Conomy's Motions**

*1. Conomy's motion to disqualify appellees' counsel*

{¶ 10} In his first motion, Conomy argues that because the Office of Risk Management administers the Ohio Judges' Professional Liability Self-Insurance Program, this court is "entangled in a direct financial conflict of interest" and is "unwittingly financing [appellees'] defense." Conomy asserts that under rules we established for the program, the defense of any action seeking extraordinary relief is excluded from the program. He claims that the Office of Risk Management is nevertheless using program funds to pay for appellees' counsel. Conomy argues that this court's "unwitting support for the defense" must be remedied by removing appellees' counsel.

{¶ 11} In opposing the motion, appellees note that any case in which the defense is funded by the Ohio Judges' Professional Liability Self-Insurance Program could potentially be appealed to this court. In such a case, they contend, it cannot be true that this court would necessarily be conflicted based on the fact

that the respondent-judge was receiving a defense or indemnity through the program. Appellees also argue that Conomy has failed to cite any basis requiring the attorneys representing appellees to be disqualified from this case.

{¶ 12} No attorney can "represent a client if that representation will be directly adverse to another client or there is a substantial risk that the attorney's ability to represent the client will be materially limited by the attorney's responsibilities to another client, a former client, a third person, or the attorney's personal interests." *State ex rel. Peterson v. Licking Cty. Bd. of Elections*, 2024-Ohio-646, ¶ 10, citing Prof.Cond.R. 1.7(a). "But 'typically, courts do not disqualify an attorney on the grounds of conflict of interest unless there is (or was) an attorney-client relationship between the party seeking disqualification and the attorney the party seeks to disqualify.'" *Id*., quoting *Morgan v. N. Coast Cable Co*., 63 Ohio St.3d 156, 159 (1992).

{¶ 13} Conomy does not assert that appellees' counsel currently or previously represented him. Nor does he cite any authority in support of his argument. We find his motion not well-taken and deny it.

*2. Conomy's motion for referral to special master*

{¶ 14} In his second motion, Conomy alleges another conflict of interest based on the fact that the law firm where appellees' counsel are employed also represents the Fifth District through the Ohio Judges' Professional Liability Self-Insurance Program. He suggests that this conflict may have influenced the Fifth District judges assigned to his original action to "refuse to engage with" the arguments he made before them. Conomy requests that we refer his appeal to a special master or other disinterested jurist for proceedings under Civ.R. 60(B)(5).

{¶ 15} In response, appellees argue that any conflict that may arise from the fact that an attorney from their counsel's firm represented or provided legal advice to a Fifth District judge applies only to the attorney who provided the advice—in other words, that the conflict is not imputed to the entire firm. Both attorneys

representing appellees attest that they have not represented or provided legal advice to any of the Fifth District judges assigned to Conomy's original action.

{¶ 16} Civ.R. 60(B) does not provide a mechanism for this court to refer a matter to a special master, nor has Conomy identified any case in which a court has granted relief similar to that which he requests in this motion. Conomy appears to raise this issue as a means of introducing other arguments that he did not include in his merit brief. But our rules prohibit supplemental briefing. *See* S.Ct.Prac.R. 16.08. For all these reasons, we deny Conomy's motion for referral to a special master.

*3. Conomy's motion to strike affidavits submitted by appellees*

{¶ 17} In his third motion, Conomy moves to strike the affidavits of appellees' counsel, Aaron M. Glasgow and Ryan C. Spitzer, that appellees filed with their memorandum in opposition to Conomy's motion for referral to a special master. Conomy argues that the affidavits should be struck because they were submitted without leave and we are confined to the record on appeal.

{¶ 18} In hearing an appeal, we may not "add matter to the record before us that was not part of the court of appeals' proceedings and then decide the appeal on the basis of the new matter." *Dzina v. Celebrezze*, 2006-Ohio-1195, ¶ 16. However, the affidavits in question do not concern an appealed issue. Instead, appellees submitted them to rebut a new allegation—unrelated to the merits of the case—that Conomy asserted in his motion for referral to a special master. Therefore, we deny Conomy's motion to strike the affidavits.

*4. Conomy's motion for a show-cause order*

{¶ 19} Finally, in his fourth motion, Conomy argues that appellees misled us when asserting that Conomy had an adequate remedy in the ordinary course of the law by requesting that the records of his criminal cases be sealed. Conomy states that he filed motions to seal each of the two municipal-court cases on March 17, 2025, that the city has not filed a response, and that Judge Rohrer has not ruled

on the motions. Conomy contends that appellees "themselves are making unavailable that which they assured this Court would be available." He thus requests that we order appellees and their counsel to show cause why they should not be held in contempt.

{¶ 20} In response, appellees argue that the fact that they agree with the Fifth District's conclusion that the sealing statutes provide for an adequate remedy in the ordinary course of the law does not amount to a promise on appellees' part to seal Conomy's criminal records. Similarly, they assert that the fact that Judge Rohrer has not yet ruled on Conomy's motions to seal does not mean that appellees lied to this court about the availability of sealing the records as a remedy.

{¶ 21} Conomy's motion is meritless. Even if the city were to oppose Conomy's motions to seal the records of his criminal cases—or if Judge Rohrer were to deny the motions—that would not itself show that appellees' argument was false or even misleading. A remedy is not inadequate just because it was or might be unsuccessful. *See State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities*, 1995-Ohio-215, ¶ 17. Therefore, we deny the motion.

## B. Standard of Review

{¶ 22} We conduct a de novo review of a lower court's dismissal of an action seeking writs of mandamus and procedendo under Civ.R. 12(C). *See State ex rel. Harris v. Schwendeman*, 2025-Ohio-4769, ¶ 10. "Dismissal under Civ.R. 12(C) is appropriate when there are no material disputes of fact and the court determines, construing all material allegations in the complaint as true, that the plaintiff or relator can prove no set of facts that would entitle him or her to relief." *Id*. "Civ.R. 12(C) motions are specifically for resolving questions of law." *State ex rel. Midwest Pride IV v. Pontious*, 1996-Ohio-459, ¶ 21.

{¶ 23} "To be entitled to a writ of mandamus, the relator must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a

clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 8.

{¶ 24} To be entitled to a writ of procedendo, the relator must establish (1) a clear legal right to require a judge to resolve an unresolved claim, (2) a clear legal duty on the part of the respondent to resolve the claim, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sawicki v. Lucas Cty. Court of Common Pleas*, 2010-Ohio-3299, ¶ 11; *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 2007-Ohio-2205, ¶ 33. A writ of procedendo is the appropriate remedy when a judge has either refused to render a judgment or unnecessarily delayed proceeding to judgment. *Sawicki* at ¶ 11. Neither a writ of mandamus nor a writ of procedendo will issue to control the exercise of judicial discretion, even if that discretion has been abused. *State ex rel. Culgan v. Collier*, 2012-Ohio-2916, ¶ 1.

### C. Conomy's Mandamus Claim against Judge Rohrer

{¶ 25} In support of his first proposition of law, Conomy argues that the Fifth District erred in concluding that he had an adequate remedy in the ordinary course of the law precluding his mandamus request that Judge Rohrer be ordered to correct the record in *State v. Conomy*, Delaware M.C. No. 23CRB00517, regarding his finding of Conomy's mental incompetence. Conomy contends that expungement is not an adequate remedy, because there is no conviction to expunge since he was not convicted. He also argues that the case is not eligible for sealing, because (1) R.C. 2953.33(B)(3), in his words, "require[s] that the charges may not be revived before [a] case can be sealed" and (2) the charge he faced in case No. 23CRB00517 "can still be revived."

{¶ 26} However, Conomy does not challenge the other reason the Fifth District dismissed his mandamus claim against Judge Rohrer: because a writ of mandamus cannot control the exercise of judicial discretion. Instead, he incorrectly

states that the Fifth District dismissed that mandamus claim solely on adequate-remedy grounds.

**{¶ 27}** In response, appellees contend that Conomy is not required to wait until the statute of limitations has passed before he can apply to seal or expunge the criminal cases. Instead, appellees argue, under R.C. 2953.33(A)(1), Conomy could have applied to seal or expunge his criminal matters as soon as the cases were dismissed. Appellees further argue that in asserting his mandamus claim against Judge Rohrer, Conomy was seeking to control the judge's exercise of judicial discretion in finding that Conomy was incompetent.

**{¶ 28}** The dismissal of the case against him without prejudice does not preclude Conomy from sealing or expunging the record in *State v. Conomy*, Delaware M.C. No. 23CRB00517. Although the provision that Conomy cites, R.C. 2953.33(B)(3), requires that the relevant statute of limitations have expired for the record of a case that was dismissed without prejudice to be sealed or expunged, that provision applies to the sealing of DNA specimens, profiles, and records. But the record in case No. 23CRB00517, Conomy's briefing, and the charged offense—aggravated menacing—do not indicate that DNA evidence was collected. Accordingly, the applicable sealing provision is R.C. 2953.33(B)(4), which does not require a court to deny an application to seal records if the appliable statute of limitations has not expired. *See also State v. Dye*, 2017-Ohio-7823, ¶ 12 (analyzing R.C. 2953.52, which was subsequently renumbered to R.C. 2953.33 without substantive changes to the relevant provision). Therefore, we reject Conomy's first proposition of law.

**{¶ 29}** Moreover, by requesting that the Fifth District order Judge Rohrer to amend the dismissal of Delaware M.C. No. 23CRB00517 from "without prejudice" to "with prejudice," Conomy is seeking to control the judge's exercise of his judicial discretion. But a writ of mandamus will not issue to control how judicial discretion is exercised. *Culgan*, 2012-Ohio-2916, at ¶ 1; R.C. 2731.03.

Accordingly, we conclude that the Fifth District correctly dismissed Conomy's mandamus claim against Judge Rohrer.

### D. Conomy's Procedendo Claim against Judge Rohrer

{¶ 30} In support of his second proposition of law, Conomy argues that the Fifth District erred in concluding that it could not issue a writ of procedendo compelling Judge Rohrer to rule on Conomy's motion to amend the dismissal entry and for sanctions against Bean-DeFlumer and Harris in *State v. Conomy*, Delaware M.C. No. 23CRB01129, after the case was dismissed. He contends that his motion concerned collateral issues, over which the municipal court retained jurisdiction after the dismissal of the case. Therefore, Conomy asserts, the Fifth District erred in concluding that Conomy's request for a writ of procedendo was barred because Judge Rohrer lacked jurisdiction to rule on the motion. In his petition, Conomy also had requested that Judge Rohrer be ordered to amend the dismissal of case No. 23CRB01129 from "without prejudice" to "with prejudice" and to correct the record in that case, but Conomy does not challenge the Fifth District's dismissal of his petition as to those requests.

{¶ 31} Appellees argue in response that the cases Conomy cites in support of his second proposition of law are not applicable. They contend that even if Judge Rohrer did have continuing jurisdiction in Delaware M.C. No. 23CRB01129, he would not have a clear legal duty to rule on Conomy's motion to amend the dismissal entry, because there is no basis for the motion in the Rules of Criminal Procedure. Appellees further argue that a writ of procedendo cannot force a judge to modify his prior order to substantively rule in the manner a party desires.

{¶ 32} Conomy's request that Judge Rohrer be ordered to rule on his motion to amend the dismissal entry and for sanctions in Delaware M.C. No. 23CRB01129 is cognizable in procedendo. *See Sawicki*, 2010-Ohio-3299, at ¶ 11. But a writ of procedendo cannot issue if the inferior court lacks jurisdiction to rule on the motion

that the relator seeks to compel the court to rule on. *State ex rel. Peterson v. Miday*, 2020-Ohio-5515, ¶ 7 (8th Dist.).

**{¶ 33}** Two of the cases that Conomy cites on this issue involve a court's retaining jurisdiction over collateral issues, such as a motion for sanctions, after dismissing a civil case. *See State ex rel. Hummel v. Sadler*, 2002-Ohio-3605; *State ex rel. Alff v. Harris*, 2015-Ohio-2643 (5th Dist.). He has not cited any authority that supports his argument that a trial court in a criminal case retains authority after the case is dismissed to rule on a motion to amend the dismissal entry. To the contrary, "we have held that a writ of prohibition will prevent the exercise of jurisdiction when an entire case has been dismissed." (Emphasis deleted.) *State ex rel. Douglas v. Burlew*, 2005-Ohio-4382, ¶ 14. "'When a criminal case is dismissed, it is over—except in the case where the dismissal is appealed.'" *Id.* at ¶ 13, quoting *State ex rel. Flynt v. Dinkelacker*, 2004-Ohio-1695, ¶ 20.

**{¶ 34}** One of the criminal cases that Conomy cites, *State ex rel. Cruzado v. Zaleski*, 2006-Ohio-5795, actually contradicts his assertion that Judge Rohrer still would have jurisdiction in Delaware M.C. No. 23CRB01129 to grant Conomy the relief he requested in his motion to amend the dismissal entry. In that case, we reiterated the general rule that "'trial courts lack authority to reconsider their own valid final judgments in criminal cases.'" *Id.* at ¶ 18, quoting *State ex rel. White v. Junkin*, 1997-Ohio-340, ¶ 15. We then explained that the general rule was subject to two exceptions: a trial court retains jurisdiction to correct a void sentence and to correct *clerical* errors in judgments.[1] *Cruzado* at ¶ 19.

**{¶ 35}** Conomy did not request in his postdismissal motion that Judge Rohrer amend the judgment entry to correct a mere clerical mistake. Instead, by requesting that the judge remove the reason for the dismissal—Conomy's

---

1. We later significantly limited what constitutes a void sentence. *See State v. Harper*, 2020-Ohio-2913, ¶ 42 ("A sentence is void when the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused.").

incompetence and nonrestorability—Conomy requested that the judge change the basis for his decision. Similarly, the requested change from dismissal without prejudice to dismissal with prejudice does not merely correct a clerical error. Therefore, Judge Rohrer has not retained jurisdiction to grant Conomy the relief requested in his motion to amend the judgment entry and for sanctions in Delaware M.C. No. 23CRB01129. Accordingly, we conclude that the Fifth District correctly dismissed Conomy's procedendo claim against Judge Rohrer.

### E. Conomy's Mandamus Claims against the City

{¶ 36} The Fifth District dismissed the portion of Conomy's mandamus claim against the city requesting that it be ordered to withdraw the allegedly false statements because Conomy had an adequate remedy in the ordinary course of the law in the form of a defamation action in the court of common pleas. In support of his third proposition of law, Conomy argues that a defamation action is not an adequate remedy at law for the relief he seeks against the city, contending that he would not be able to obtain relief in a defamation action, because the city would be protected by prosecutorial immunity since all the false statements were made to the municipal court.[2]

{¶ 37} In response, appellees argue that a defamation action constitutes an adequate remedy in the ordinary course of the law even if an immunity defense would apply in such an action. Appellees also argue that the city does not have the authority to unilaterally vacate the dismissed cases or reopen the cases to modify its motions to dismiss.

{¶ 38} We have held that when a plain and adequate remedy in the ordinary course of the law has been unsuccessfully pursued, a writ of mandamus will not lie to relitigate the same issue. *E.g.*, *Nichols*, 1995-Ohio-215, at ¶ 17. Based on this

---

2. Conomy does not challenge the Fifth District's dismissal of the portion of his mandamus claim against the city requesting that it be ordered to withdraw all charges against him in both criminal cases.

holding, the Third District Court of Appeals has held that a pair of appellants did not lack an adequate remedy in the ordinary course of the law simply because tort claims they had asserted against the county failed due to the application of governmental immunity. *State ex rel. Rohrs v. Germann*, 2013-Ohio-2497, ¶ 56 (3d Dist.). By the same logic, Conomy's argument that a defamation action is not an adequate remedy because he expects that appellees would be protected by prosecutorial immunity is unpersuasive. Therefore, the Fifth District did not err in concluding that Conomy had an adequate remedy in the ordinary course of the law in the form of a defamation action to obtain relief regarding the allegedly false statements made by the prosecutor in Conomy's criminal cases.

{¶ 39} Moreover, the Fifth District did not err in dismissing the portion of Conomy's mandamus claim requesting a writ ordering the city to withdraw the allegedly false statements because the city lacks the ability to do so. Both of the criminal cases have been dismissed and, therefore, are closed. *See Douglas*, 2005-Ohio-4382, at ¶ 13. Just as Judge Rohrer lacks jurisdiction to grant Conomy's motion to amend the dismissal entry and for sanctions in Delaware M.C. No. 23CRB01129, the city is not able to withdraw any allegedly defamatory filings made in those cases. More specifically, in case No. 23CRB01129, the allegedly false statement is contained in the voluntary dismissal filed by the prosecution. But when the judge signed that same page, it became the dismissal entry. Just as the judge cannot modify that entry, the prosecution cannot withdraw it.

{¶ 40} As for Delaware M.C. No. 23CRB00517, Conomy has not identified any particular prosecution filing as allegedly containing a false statement. Conomy submitted as an exhibit to his petition the entry dismissing case No. 23CRB00517, which contains information that Conomy asserts is false. But the entry does not contain any statements made by the prosecution.

{¶ 41} Accordingly, the Fifth District was correct to deny Conomy's request that the city be ordered to withdraw the allegedly false statements. *See*

14

*State ex rel. Sands v. Coulson*, 2021-Ohio-671, ¶ 7 (concluding that prosecutor was "not under a clear legal duty to perform an action that he ha[d] no legal authority to undertake"). Conomy does not challenge the court's dismissal of the remainder of this mandamus claim. Therefore, we conclude that the Fifth District correctly dismissed Conomy's mandamus claim against the city.

### F. Conomy's Damages Claim

{¶ 42} In support of his fourth proposition of law, Conomy argues that the Fifth District erred in dismissing his claim for damages under R.C. 2731.11. Only a successful relator may recover damages under R.C. 2731.11. The statute provides that damages may be recovered "[i]f judgment in a proceeding for a writ of mandamus is rendered for the [relator]." *See also State ex rel. Shie v. Ohio Adult Parole Auth.*, 2022-Ohio-270, ¶ 12 (holding that a relator who was being denied a writ was not entitled to damages under R.C. 2731.11). Because his mandamus claims were correctly dismissed, Conomy is not entitled to damages under R.C. 2731.11. Therefore, we conclude that the Fifth District correctly rejected Conomy's claim for damages.

### III. CONCLUSION

{¶ 43} For the foregoing reasons, we affirm the Fifth District's dismissal of Conomy's petition. We also deny Conomy's motion to disqualify appellees' counsel, his motion for referral to a special master, his motion to strike the affidavits submitted by appellees, and his motion for a show-cause order.

Judgment affirmed.

_____

Christopher P. Conomy, pro se.

Isaac Wiles Burkholder & Miller, L.L.C., Aaron M. Glasgow, and Ryan C. Spitzer, for appellees.

_____